**STATE of Missouri, Respondent,**

v.

**John William GREEN, Appellant.**

**No. 54896.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Robert H. Rice, Belleville, Ill., for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his jury conviction for second degree murder for which he was sentenced to life imprisonment. We affirm.

There is no question the evidence supported defendant's conviction. On January 31, 1987, defendant, while patronizing the Regent Bar in the City of St. Louis, got into an altercation with another patron. Defendant knocked Joe Dodson off his bar stool and, drawing a knife, came toward Dodson. Defendant then backed away, folded up the knife, put it in his pocket and left the bar.

A short time after defendant left the bar, victim Frank Speer, an acquaintance of defendant, entered the bar. Near the same time, defendant was seen leaving his home, across the street from the bar, carrying a shotgun. A witness testified victim left the bar stating he was going to try to keep defendant from getting into trouble and was going to ask him if he would put the gun away.

Witnesses to the altercation between defendant and victim testified victim asked defendant to put away the gun and defendant replied "I'll kill you just like I did that other son-of-a-b____." Victim then said,

"You don't want to shoot me. I'm your friend," and defendant replied, "Don't tell me I won't kill you." Defendant then shot victim in the head with the shotgun causing his death.

When police arrived at the scene, defendant admitted shooting victim and stated he had had a fight with a man in the bar earlier, the man called him out of his house, and he shot him.

Defendant was charged by indictment with first degree murder and convicted of second degree murder. The jury was instructed on first degree murder, second degree murder and voluntary manslaughter. Defendant submitted an involuntary manslaughter instruction, but the trial court refused it, stating there was no evidence to support it. On appeal defendant contends the trial court erred in refusing the instruction because the evidence supported a verdict of guilty of involuntary manslaughter.

Involuntary manslaughter is a lesser included offense of murder in the first degree, § 565.025.2(1)(c), RSMo 1986, and if requested by one of the parties or the court must be instructed upon "if the evidence arguably shows lack of an essential element of the higher offense which would not only authorize acquittal of the higher but sustain a conviction of the lesser." *State v. Hamlett*, 756 S.W.2d 197, 199[4] (Mo.App.1988); *State v. Smith*, 747 S.W.2d 678, 680[2] (Mo.App.1988).

A person is guilty of involuntary manslaughter if he recklessly causes the death of another person. § 565.024.1(1), RSMo 1986. In order to submit an instruction on involuntary manslaughter, there must be sufficient evidence to support a finding of recklessness. MAI–CR3d 313.-00.4(A)(4) Supp. Notes On Use applicable to 313.00 series; *see also Hamlett*, 756 S.W.2d at 200[5]; *Smith*, 747 S.W.2d at 680; *State v. Skinner*, 734 S.W.2d 877, 882[5] (Mo.App.1987); *State v. Tate*, 733 S.W.2d 45, 49 (Mo.App.1987).

Defendant contends his own testimony at trial supported an involuntary manslaughter instruction. At trial, defen-

dant testified he believed victim carried a gun and had beat other people up. He stated victim had threatened to whip him for not loaning him money on the day in question and had beat him up in the past.

Defendant was a small person and victim was large. Defendant had been a coal miner in the past and suffered black lung disease. As a result thereof, one lung had been removed, and defendant spent hours on an oxygen machine every day. Defendant feared victim and had been drinking heavily on the day in question. Defendant contended he did not intend to shoot victim, but flourished the weapon in an attempt to scare him. Defendant stated he jerked the gun up as victim started toward him.

Defendant presented the defense of self-defense and lack of intent to the jury; nevertheless, the jury found him guilty of murder in the second degree, finding defendant caused victim's death; he knew or was aware his conduct was causing or was practically certain to cause victim's death; and he did not do so in self-defense.

The evidence shows defendant confronted victim in a public street with a shotgun, told him he was going to kill him and shot him in the head at a distance of twelve feet. Such conduct goes beyond recklessness. Although defendant testified he did not intend to kill victim, his conduct was a means likely to produce death and he is presumed to have intended that death follow his acts. *See Hamlett,* 756 S.W.2d at 201.

Because there was insufficient evidence to support an instruction on involuntary manslaughter, the trial court did not err in refusing the same.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.