**STATE of Missouri, Respondent,**

v.

**Jerry PRUETT, Appellant.**

**Jerry PRUETT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 55774, 58239.

Missouri Court of Appeals,
Eastern District,
Division One.

March 19, 1991.

Melinda K. Pendergraph, St. Louis, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The state charged Jerry Pruett with the class C Felony of stealing in violation of § 570.030 RSMo 1986. The evidence supported a guilty verdict that defendant acting with Donna Reitmeyer and John Coats shoplifted $195.95 worth of merchandise from Sears Roebuck and Company on October 6, 1987. On direct appeal defendant claims he was entitled to an offered instruction of stealing property having a value of less than $150. Defendant does not contest the $65.96 value of cloth goods taken or a $129.99 telephone which was also taken. Rather, he claims the facts support a verdict that he participated only in the stealing of the cloth goods. The trial court rejected defendant's offer of a lesser included offense instruction on the basis the stealing activities were one crime and the state's evidence proved property exceeding the value of $150 was taken. We agree.

Before addressing the issue presented on direct appeal, we dispose of defendant-movant's claim the motion court erred in denying Rule 29.15 relief because post conviction counsel was ineffective. This claim is not cognizable under the rule. *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990).

Section 556.046.1 RSMo 1986 provides:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

Defendant's claim of error relies upon subsection (1). The argument depends on the theory that the jury could find from the evidence defendant acted with Reitmeyer to steal $65.96 worth of cloth goods but could reject evidence defendant acted with co-defendant Coats to steal a telephone valued at $129.99.

"The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." Section 556.046.2 RSMo 1986. "'[A]n instruction on a lesser included offense is required only where there is evidence with probative value which could form the basis of an acquittal of the great-

er offense and a conviction of the lesser included offense.'" *State v. Olson,* 636 S.W.2d 318, 321 (Mo. banc 1982) (quoting *State v. Hill,* 614 S.W.2d 744, 749–50 (Mo. App.1981)). "[A] trial court should resolve all doubts upon the evidence in favor of instructing on the lower degree of the crime, leaving it to the jury to decide which of the two or more grades of an offense, if any, the defendant is guilty." *State v. Ellis,* 639 S.W.2d 420, 422–23 (Mo.App. 1982).

Defendant does not contest the fact the state made a submissible case of the charged crime. No objection was made to the verdict directing instruction offered and given on the charged crime. The narrow issue is whether defendant was entitled to an instruction on the lesser included offense of stealing property having the value of under $150. On this issue we apply the statutory provisions to the following facts in evidence.

The facts regarding defendant's participation with Reitmeyer in first taking cloth goods having a value of approximately $66 need not be detailed because defendant concedes his participation to that extent. After those events, defendant and Reitmeyer joined co-defendant Coats at an automobile parked just outside the Sears store. Thereafter, Reitmeyer and Coats returned to the store with a shopping bag, previously taken by defendant and still containing some of the goods previously taken by defendant. Defendant, Reitmeyer and Coats went to the second floor of the Sears store. Coats removed a telephone from the shelf, "walked up to [defendant] and Reitmeyer and showed them the phone," and walked with defendant and Reitmeyer to a different department. Coats then placed the telephone inside Reitmeyer's bag. As this was done, Coats was "between five and ten feet" away. Defendant, Coats and Reitmeyer then walked to the escalator and proceeded toward the exit of the store while attempting to separate. Coats left the store and was stopped by a security guard. Defendant and Reitmeyer reacted by turning around and moving to the Women's Wear Department where the telephone was subsequently found.

The state's theory is defendant acted with Reitmeyer and Coats to steal property having a sufficient value to accomplish a predesigned purpose. In support of the theory, the state offered testimony that Reitmeyer, in defendant's presence, made a statement after the cloth goods were taken "that still isn't enough money." After that statement, defendant reentered the store with Reitmeyer and Coats and participated in the taking of the telephone. This resulted in a taking of goods having a value of more than $150 according to one plan to steal property of a minimum value.

There was no affirmative evidence of a lack of any essential element of the felony offense of stealing which would "authorize acquittal of the higher but sustain a conviction of the lesser offense." Under such circumstances defendant was not entitled to the requested instruction. *Olson,* 636 S.W.2d at 321. The *Olson* court rejected defendant's claim he was entitled to a lesser included offense merely because the jury might disbelieve some of the state's evidence. *Id.* at 322. In this case defendant makes the same claim. Defendant is not entitled to the lesser included instruction merely because the jury might find him not guilty of taking the telephone and the charged offense. *Id.*

The state's evidence supported a strong inference that defendant participated with Coats and Reitmeyer in taking the telephone: (1) he returned to the store with Reitmeyer and Coats after Reitmeyer spoke of the need of additional stealing; (2) he examined the telephone with Coats before it was taken; (3) he was present when Coats placed the telephone in the shopping bag; (4) he was proceeding with Reitmeyer and Coats; and (5) he went to the area with Reitmeyer where an effort was made to hide the telephone after Coats was apprehended. In summary, there was no evidence defendant participated only in the the taking of cloth goods but not in the taking of the telephone where the aggregate value of both exceeded $150.

We have noted but reject those cases relied upon by defendant where the issue

involved disputed evidence of value of items taken. *See State v. Westfall,* 710 S.W.2d 408 (Mo.App.1986). In the present case the evidence of value of the items taken was undisputed.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.