STATE of Missouri, Plaintiff–
Respondent,

v.

William H. BAUGH, Defendant–
Appellant.

William H. BAUGH, Plaintiff–Appellant,

v.

STATE of Missouri, Defendant–
Respondent.

Nos. 54827, 58436.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 28, 1991.

Jeffrey A. Maassen, William J. Swift, Elizabeth R. Brown, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SATZ, Judge.

A jury convicted defendant of murder, first degree, § 565.020, RSMo 1986 and of armed criminal action, § 571.015 RSMo 1986, and assessed his punishment as life imprisonment without probation or parole on the former charge and as thirty years imprisonment on the latter charge. The Court then imposed these sentences, to be served concurrently.

Defendant appeals from his convictions and sentences and also appeals from the trial court's denial of his Rule 29.15 motion. We affirm his convictions and sentences, and remand his Rule 29.15 motion with directions.

### Direct Appeal

Defendant raises one issue in his direct appeal. He contends the trial court erred

in failing to submit his requested instruction on involuntary manslaughter. We disagree.

■ Involuntary manslaughter is a lesser included offense of murder, first degree. *State v. Green,* 778 S.W.2d 326, 327 (Mo. App.1989). However, even assuming there was an evidentiary basis for submitting the offense of involuntary manslaughter to the jury, the court's failure to do so here did not prejudice defendant.

The trial court instructed the jury on the offenses of murder, first degree, murder, second degree and voluntary manslaughter. Given the opportunity and option to find defendant guilty of the lesser offenses of murder, second degree or voluntary manslaughter, the jury chose to find the defendant guilty of murder, first degree. Thus, there is no reasonable basis to infer the jury would have exercised greater leniency and reduced the conviction to involuntary manslaughter. *E.g., State v. Smith,* 781 S.W.2d 761, 766 (Mo. banc 1989); *State v. Merritt,* 734 S.W.2d 926, 932; *see also, State v. Smith,* 598 S.W.2d 118 (Mo.1980). Therefore, the Court's failure to instruct the jury on involuntary manslaughter did not prejudice defendant. *Smith* and *Merritt, supra.* We affirm.

### Rule 29.15 Motion

■ Defendant makes two attacks on the trial court's denial of his Rule 29.15 motion. One of these requires us to remand the motion for further proceedings.

Movant contends he was denied effective assistance of counsel to process his motion because his motion counsel failed to file a timely amended motion. The record before us supports movant's contention.

Defendant filed a *pro se* motion on August 29, 1988, and, apparently, on November 10, 1988, an assistant public defender was appointed to represent him. On December 19, 1988, "movant" was granted an additional thirty days to file an amended motion because the "transcript on appeal has not been filed." There is no showing when the transcript was filed.

On March 29, 1990, movant's counsel filed an amended motion which had been verified by movant on December 11, 1989. The Court refused to rule on the amended motion, concluding it lacked jurisdiction because movant's verification was not timely made and the amended motion was not timely filed. Then, without a hearing, the court made Findings of Fact and Conclusions of Law on movant's original motion and denied it.

Since the submission of this case on appeal, our Supreme Court has addressed the issue of a motion counsel's failure to file a timely amended motion. *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991); *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991). In *Sanders,* on facts similar to the present case, the Court remanded the motion to the trial court to determine whether "the untimeliness of the amended motion resulted exclusively from counsel's action or inaction". *Id.* at 495, and, if so, the trial court was to treat the amended motion as timely filed. *Id.*

Accordingly, we remand defendant's motion here to the trial court for it to make the same determination. In addition, we direct the trial court to determine the date the trial transcript was filed and to determine the effect, if any, that date has on the timeliness of the filing of the amended motion. *State v. White,* 798 S.W.2d 694, 695–696 (Mo. banc 1990).

We do not address the remaining issues raised by defendant relating to his *pro se* motion. They may become moot if the trial court's determination affords relief to movant on the timeliness issue.

SMITH, P.J., and CARL R. GAERTNER, J., concur.