**STATE of Missouri, Respondent,**

v.

**Byron K. BYRD, Appellant.**

**Byron K. BYRD, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 58015, 59070.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 27, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1991.

Susan L. Hogan, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Byron Byrd, appeals from convictions, after a jury trial, of one count of robbery in the first degree and one count of armed criminal action. Defendant was sentenced as a prior and persistent offender to consecutive terms of imprisonment totalling 50 years. Defendant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

The Subway Sandwich Shop in Bridgeton, Missouri, was robbed on February 4, 1989, between 7:30 p.m. and 8:00 p.m. Lee Whitfield was on duty that evening and told police that a masked man pointed a gun at him and demanded money. Whitfield gave him the money in the cash register and the robber fled.

On February 8, 1989, between 7:30 p.m. and 8:00 p.m., Whitfield was on duty with Ken Buchanan at the Bridgeton shop. Both were in the back of the shop when a customer entered. Buchanan walked up front and was confronted with a masked man who pointed a gun at him and demanded money. Whitfield recognized the voice as that of the robber from February 4, and he ran out the back door of the shop. The robber, after noticing a police car outside, took off his mask and told Buchanan to make him a sandwich. He fled after taking the food from Buchanan.

Buchanan identified the defendant from photo and live line-ups as the robber of February 8, 1989. Whitfield viewed and listened to defendant at the police station and identified him by voice as the robber of

February 4 and 8, 1989. The police questioned defendant about the robberies and he told the police he had never been to the Subway Sandwich Shop in Bridgeton or a nearby Subway Sandwich Shop in Woodson Terrace.

Defendant did not testify at trial. He presented an alibi defense that during the month of February 1989 he was a resident of the Archway House, a halfway house under contract at that time with the Missouri Department of Corrections. He presented evidence that he had not checked out of the house on either of the evenings of February 4 and 8, 1989.

Defendant went to trial on two counts of robbery first degree and two counts of armed criminal action for the February 4 and 8, 1989 robberies of the Bridgeton shop. He was found not guilty on two counts for the February 4, 1989 robbery but was convicted on one count of robbery first degree and one count of armed criminal action for the February 8, 1989 robbery.

Defendant first claims that the trial court erred in allowing the police to testify that defendant said he was never in the Bridgeton shop or the Woodson Terrace shop and in permitting employees from the Woodson Terrace shop to testify that they saw defendant in the Woodson Terrace shop. Defendant claims that the police testimony did not constitute an admission by defendant and was inadmissible hearsay. He also claims the store employees' testimony was improper impeachment on a collateral matter.

 Statements made by a party opponent are admissible when offered against him. *State v. Rogers,* 674 S.W.2d 608, 612 (Mo.App.1984). Untrue denials can constitute admissions as well as manifesting a consciousness of guilt. *State v. Leach,* 752 S.W.2d 395, 396 (Mo.App.1988). "A permissible inference of guilt may be drawn from acts or conduct of an accused subsequent to an offense if they tend to show a consciousness of guilt by reason of a desire to conceal the offense or role therein." *State v. Fitzgerald,* 778 S.W.2d 689, 691 (Mo.App.1989).

Here, the robbery occurred in the Bridgeton shop. Defendant was asked if he had been in either the Bridgeton *or* Woodson Terrace shop. He made a blanket denial of being in either shop. Under the State's evidence the denial was untrue.

 Clearly, the denial of being in the Bridgeton shop is admissible under the case law. The denial of being in the Woodson Terrace shop is also admissible to show defendant's desire to conceal his role in the offense. His statement indicated a desire to distance himself from either Subway Shop and any participation in the robberies. The testimony of the Woodson Terrace employees was necessary to prove that the denial by defendant of being in that shop was untrue. The evidence evinced a consciousness of guilt and was therefore admissible. *See Fitzgerald,* 778 S.W.2d at 691. We find no abuse of discretion by the trial court. Defendant's first point is denied.

 Defendant next claims that the trial court erred in submitting MAI–CR 3d 302.-04, which defines reasonable doubt in terms of "firmly convinced." This court upheld the language in question in *State v. Turner,* 810 S.W.2d 92 (Mo.App.1991). Defendant's point is denied.

 Finally, we consider defendant's denial of his Rule 29.15 motion. Defendant claims his counsel was ineffective because he told potential jurors during voir dire that defendant had prior convictions when defendant was not going to testify at trial. The jury learned of defendant's prior convictions because his alibi defense was that he was checked into a halfway house for convicted felons at the time of the robberies. It was therefore reasonable trial strategy for defense counsel to question potential jurors during voir dire about their feelings concerning defendant's prior convictions. The findings and conclusions of the trial court are not clearly erroneous.

The judgment of the trial court on direct appeal and the judgment of the motion

court on defendant's Rule 29.15 motion are affirmed.

GRIMM, P.J., and SATZ, J., concur.