William BAUGH, Appellant,

v.

STATE of Missouri, Respondent.

No. 63274.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1994.

486

John A. Klosterman, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Presiding Judge.

Appellant, William Baugh, appeals the denial of his Rule 29.15 post-conviction relief motion alleging ineffective assistance of trial counsel following an evidentiary hearing. Appellant was convicted of first degree murder under § 565.020 R.S.Mo.1986, for which he was sentenced to life imprisonment without probation or parole, and armed criminal action under § 571.015 R.S.Mo.1986, for which he was sentenced to thirty years imprisonment to be served concurrently. His convictions and sentences were affirmed in *State v. Baugh,* 811 S.W.2d 486 (Mo.App. 1991), but we remanded his Rule 29.15 motion to determine whether the untimeliness of the amended motion resulted exclusively from counsel's action or inaction, and if so, the motion court was to treat the motion as timely filed. *Id.* at 487[2]. Additionally, we directed the motion court to determine the date the trial transcript was filed, and to determine the effect, if any, that date has on the timeliness of his amended motion. *Id.*

In his point on appeal, appellant claims the motion court erred in denying his motion because trial counsel was ineffective for failing to: (1) investigate whether Michael David Place's (victim) insurance policy named Alan Place (Alan), victim's son and appellant's stepson, as a beneficiary; (2) object to a verdict directing instruction which did not refer to self-defense; (3) object during the State's closing argument to the prosecutor's erroneous definition of reasonable doubt; (4) impeach Kathy Place (Mrs. Place), victim's wife, who was the State's chief witness; (5) make an offer of proof regarding the victim's prior specific acts of violence; (6) object to the prosecution's use of non-existent evidence of an insurance policy naming Alan as a beneficiary and to the prosecution's failure to disclose the insurance policy to the defense; and (7) call Dr. Tenerbaum, a psychologist, as a witness to testify about victim's propensity to act violently. We affirm.

Prior to the jury trial, the trial court sustained the State's motion in limine to prohibit appellant from either eliciting testimony, or offering evidence, or making any reference in his opening statement about victim's specific acts of misconduct or violence directed at anyone besides appellant.

At trial, the prosecutor stated during his opening statement that appellant asked victim what would happen if "I blew you away," and that victim replied that "I have a lot of insurance and Alan [victim's son/appellant's stepson] would be a very rich little boy." During direct examination by the prosecutor, a police officer testified that he took appellant's statement after the shooting, wherein appellant stated that he asked victim, "Who would benefit if I blew you away?", and victim responded that "Alan would be a very rich little boy." The record shows the prosecutor used this testimony during closing argument as evidence of motive.

Appellant's wife, Mrs. Baugh, was formerly married to victim and a son, Alan, was born of their marriage. Alan lived with his mother and appellant.

Following his trial and sentencing, appellant filed his *pro se* motion on August 29, 1988, and apparently on November 10, 1988, the motion court appointed an assistant public defender to represent him. On December 19, 1988, appellant was granted an additional 30 days to file an amended motion because the transcript had not been filed. On March 29, 1990, appellant's counsel filed an amended motion, which was verified by appellant on December 11, 1989, incorporating appellant's *pro se* motion and setting forth new allegations of ineffective assistance of trial counsel. On April 9, 1990 the motion court denied appellant's motion without an evidentiary hearing, finding that the amended motion was not timely filed. Appellant filed a *pro se* "motion to vacate the judgment and reopen the cause of action" on May 7, 1990, which the motion court denied on May 18, 1990. Appellant, represented by the assistant public defender, timely filed a notice of appeal from the judgment denying post-conviction relief on May 18, 1990. At some point, appellant sent a letter dated May 21, 1990 to the assistant public defender requesting that she withdraw from the case.

On August 28, 1991, another assistant public defender entered her appearance on behalf of appellant, and on September 12, 1991, the previous assistant public defender representing appellant withdrew.

Appellant filed a motion on October 22, 1991 "to appoint counsel" to amend his motion or in the alternative expand the October 25, 1991 hearing to include evidence of abandonment by post-conviction counsel, and it contained additional claims of ineffective assistance of trial counsel not presented in appellant's *pro se* motion or his amended motion. On October 25, 1991, the motion court found that no trial transcript was filed with the motion court, but found that, by stipulation of the parties, the transcript was filed in the Court of Appeals on July 16, 1990, and that appellant's amended motion was timely filed.

On May 6, 1992, appellant filed a request to submit verification of his "supplemental amended motion" and the motion court granted the request. However, the "supplemental amended motion" is not part of the record on appeal and the motion court's minutes do not indicate that it was filed.

On May 29, 1992, the motion court held an evidentiary hearing, and, over the State's objection, ruled that it would hear evidence on appellant's additional claims of ineffective assistance of trial counsel raised in his October 22, 1991 motion. Appellant and the State then stipulated to the admission of police reports concerning the shooting and incidents of victim's allegedly violent behavior. Subsequently, appellant testified primarily about victim's allegedly violent behavior toward appellant and Mrs. Place, but did not testify about victim's life insurance policy.

On June 18, 1992, appellant submitted to the motion court an affidavit by Dr. Tenerbaum stating that he was involved with the psychological treatment of Alan and that he was available and willing to testify at appellant's trial. Attached to the affidavit were Dr. Tenerbaum's notes which indicate that on the day of the shooting, appellant's wife called Dr. Tenerbaum and told him that victim's wife had called her and told her that victim had "flipped out" and had pushed her on top of their six week old baby.

On November 12, 1992, the motion court ruled that trial counsel did not provide ineffective assistance and that post-conviction counsel did not abandon him. The motion court made the following pertinent conclusions of law:

\* \* \* \* \* \*

... With regard to [appellant's] allegations ... that counsel was ineffective in failing to investigate the life insurance policy which victim had been ordered to maintain, [appellant] has failed to show a right to relief. First, [appellant] denied any knowledge of the policy. The policy itself was not in issue. The issue was [appellant's] state of mind, i.e. motive, and since [appellant] claimed to have no knowledge of the policy, the terms of the policy were irrelevant. Second, to be entitled to relief, [appellant] must show that the evidence would have provided a defense. The policy would only have contradicted some of the State's evidence of motive, thus it was

impeaching evidence. [Appellant] is not entitled to relief.

\*    \*    \*    \*    \*    \*

... [Appellant] has failed to demonstrate a right to relief as to [his] allegation [that trial counsel should have impeached Mrs. Place] in that he has failed to identify which statements [of Mrs. Place] counsel should have refuted by the police reports. Further, [appellant] has failed to show that any of the reports would have been admissible at trial.

\*    \*    \*    \*    \*    \*

... [Appellant] has failed to demonstrate a right to relief as to [his] allegation [that trial counsel should have impeached Mrs. Place], in that he failed to establish that [Mrs. Place] would have testified as he alleges. Because [she] did not testify at the evidentiary hearing this court cannot conclude that trial counsel would have been able to solicit the testimony [appellant] alleges. Further, [appellant] asserts that [she] would have been impeached by this testimony, however failure to present impeachment evidence is not grounds for relief....

\*    \*    \*    \*    \*    \*

... [Appellant] has failed to demonstrate a right to relief ... in that he has failed to show that [Dr. Tenerbaum] would have offered relevant, admissible evidence had he been called to testify at trial. The affidavit filed, which was not part of the stipulation at the hearing, fails to support [appellant's] allegation that [Dr. Tenerbaum] would have testified as to the [victim's] hatred of [appellant]. The affidavit does not show that the purported witness had knowledge of the [victim's] feeling[s], or that, if he did, he made [appellant] aware of those feelings. Neither does it indicate that [victim] had taken action toward [appellant], which would cause [appellant] to be in reasonable apprehension of his own safety. At best it indicates that [Dr. Tenerbaum] had second hand [sic] information of an incident that did not involve [appellant]. This would not have aided [appellant] in a claim of self[-]defense. In fact counsel had been precluded from offering this type of evidence. Counsel will not be found ineffective for failing to offer inadmissible evidence or [to disobey] a court order.

The State argues that appellant's claims as presented in his subpoint headings (1), (2), (3), (5), and (6), are precluded from appellate review because they do not appear in his *pro se* motion or his amended motion.

■ Rule 29.15 provides that movant shall verify his post-conviction motion, declaring that he has listed all grounds for relief known to him, and acknowledging his understanding that he waives any ground for relief known to him that is not listed in his motion. Rule 29.15(d). Rule 29.15(f) provides in pertinent part:

> ... **Amended Motion—Form, Time for Filing**.... Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.....

In *State v. White,* 798 S.W.2d 694, 696[1, 2] (Mo.banc 1990), our Supreme Court held that the time limit in Rule 29.15(f) begins at the earliest date that motion counsel had been appointed or has made an appearance and there exists a trial transcript properly filed with the appellate court. *State v. Shaw,* 839 S.W.2d 30, 37[14] (Mo.App.1992). The motion court is without authority to give additional time beyond that provided by Rule 29.15(f) because the time requirements relating to the amendment of pleadings in post-conviction proceedings are valid and mandatory. See *State v. Six,* 805 S.W.2d 159, 170[20] (Mo.banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991).

The State points out that the legal file does not contain appellant's "supplemental amended motion," which appellant claims he filed on December 31, 1991. The State argues that even assuming appellant filed a "supplemental amended motion" on December 31, 1991, it was untimely. The State asserts that the latest appellant could have filed a timely supplemental motion was 60 days after the

filing of the transcript on appeal on July 16, 1990, and notes that December 31, 1991 is over a year after that date.

■ Where a document is not part of the record on appeal, we will not include the document in our review. See *Crabtree v. Ramada Inn*, 780 S.W.2d 109, 110[1] (Mo. App.1989). Here, the record does not include appellant's "supplemental amended motion," and thus, we will not include this document in our review.

■ Further, the record indicates that subpoints (1), (2), (3), (5), and (6) of appellant's point on appeal are not part of appellant's *pro se* motion or his amended motion. We note that although appellant's October 22, 1991 motion includes these subpoints, that motion cannot amend appellant's amended motion because it was not timely filed. By stipulation of the parties, the trial transcript was filed in the Court of Appeals on July 16, 1990, and by that time, the motion court had already appointed an assistant public defender to represent appellant, therefore, we refer to July 16, 1990 when construing and applying the time limits enunciated in Rule 29.15(f). See *White*, 798 S.W.2d at 696[1, 2]. Under Rule 29.15(f), appellant had thirty days after July 16, 1990 to file any amending motion, thus, his October 22, 1991 motion was untimely, and we would reach the same conclusion if the trial court had granted an additional 30 days. Because the time requirements relating to the amendment of post-conviction motions are valid and mandatory, see *Six*, 805 S.W.2d at 170[20], we shall not review appellant's subpoints (1), (2), (3), (5), and (6).

■ We will now address the remaining subpoints of appellant's point on appeal. To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064[5], 80 L.Ed.2d 674, 693[10] (1984). To prove deficient performance, a movant must show that counsel's acts or omissions were outside the range of professionally competent assistance. *State v. Flenoid*, 838 S.W.2d 462, 470[18–21] (Mo.

App.1992). To do this, movant must overcome the presumption that counsel's challenged acts or omissions were sound trial strategy. *Id.* The failure to make a meritorious objection is not incompetence *per se. Jones v. State*, 784 S.W.2d 789, 793[7–9] (Mo. banc 1990). Further, counsel cannot be found ineffective for failing to make a nonmeritorious objection. *Sidebottom v. State*, 781 S.W.2d 791, 799[19] (Mo.banc 1989). To show prejudice, a movant must show there was a reasonable probability that, but for the errors of his counsel, the jury would have had reasonable doubt respecting his guilt. *Flenoid*, 838 S.W.2d at 470[20]. If a movant makes an insufficient showing on either the deficient performance component or the prejudice component, the court need not address the other component. *Id.* at 470[21]. On review, the motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings, conclusions, and judgment are clearly erroneous. Rule 29.15(j).

■ Although we have concluded that we shall not review subpoint (1), we note that as part of his argument under the first subpoint, appellant makes an argument which, as the State concedes, comports with an allegation made in his *pro se* motion. Because his *pro se* motion was incorporated in his timely filed amended motion, we shall review this claim. See Rules 29.15(d) and (f). Appellant argues that trial counsel's failure to object to the prosecutor's assertions that appellant was motivated by victim's life insurance naming Alan as a beneficiary constituted ineffective assistance. Appellant points out that at trial, his defense was that he shot victim in self-defense, and that minimizing any allegations of deliberation, premeditation, or motive was critical to his defense. Appellant claims that the prosecution used secondary evidence to prove that victim's life insurance policy named Alan as the beneficiary. Appellant argues that a reasonably competent attorney under similar circumstances would have objected to the prosecutor's use of such secondary evidence because it would have forced the State to produce the victim's life insurance policy, which appellant claims named Mrs. Place as the beneficiary. Appellant claims trial counsel's failure to object

prejudiced him because the jury could have based their decision to convict him on false and misleading evidence. Appellant also claims he was prejudiced by trial counsel's failure to object because the trial court had no opportunity to rule on the admissibility of the insurance policy, therefore forfeiting appellate review of this issue.

The record indicates that the prosecutor stated during opening statement that victim told appellant that if appellant shot him, "Alan [victim's son/appellant's stepson] would be a very rich little boy." The record reveals that a police officer testified that he took appellant's statement after the shooting, and that appellant told him that he asked victim who would benefit if he shot victim, and that victim responded Alan would be a "very rich little boy." Finally, the record indicates that the prosecutor used this testimony during closing argument to establish motive. The obvious purpose of the best evidence rule is to prevent fraud and the likelihood of mistake when proving the contents of a writing. *State v. Yarber*, 829 S.W.2d 479, 481[1] (Mo.App.1992). However, when the terms and conditions of a writing are not at issue, the best evidence rule does not apply because application would serve no purpose. *Id.* at 481[2]. Here, the best evidence rule did not apply because the State was attempting to prove appellant's state of mind at the time of the shooting, and not the terms and conditions of victim's insurance policy. Further, because statements made by a party opponent are admissible when offered against him, *State v. Byrd*, 815 S.W.2d 103, 105[1] (Mo.App.1991), appellant's statements to the police officer, which were offered against him, were admissible. For these reasons, an objection to the prosecutor's references to the victim's life insurance policy on best evidence grounds would have been meritless. Finally, because the prosecutor has the right to argue evidence and reasonable inferences from the evidence, *State v. Clemmons*, 753 S.W.2d 901, 908[8] (Mo.banc), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988), the prosecution's use of the testimony as evidence of motive was proper. As counsel cannot be found ineffective for failing to make a non-meritorious objection, *Sidebottom*, 781

S.W.2d at 799[19], we find the point without merit.

In his fourth subpoint, appellant contends that trial counsel was ineffective for failing to impeach Mrs. Place. Appellant claims that trial counsel possessed police reports, Dr. Tenerbaum's report, and Mrs. Place's deposition, and that if counsel had used this evidence to impeach Mrs. Place, her credibility would have been damaged. Appellant asserts that this evidence showed that Mrs. Place falsely testified about: victim fathering one of her children, victim's whereabouts the night before and day of the shooting, overhearing a phone conversation between appellant and victim, victim threatening her life, and victim's drinking habits. Appellant also contends that a police report showed that Mrs. Place lied to the police about Alan's welfare. Appellant claims that trial counsel had an ethical obligation to use this evidence to impeach her but cites no authority in support of this proposition. Further, appellant maintains that trial counsel's failure to impeach Mrs. Place left her credibility unchallenged. Appellant asserts that if trial counsel had impeached her with this evidence, the outcome of the trial would have been different.

Appellant is not entitled to relief in a post-conviction proceeding for ineffective assistance of counsel for failing to present evidence which would have impeached the state's witnesses and would have not provided a defense. *Allbritton v. State*, 747 S.W.2d 687, 689[4] (Mo.App.1988).

Here, the record indicates that appellant did not show how this evidence would have been admissible at trial, and did not identify which part of Mrs. Place's testimony should have been impeached by trial counsel. Even if the evidence was admissible at trial and could have been used to impeach Mrs. Place, appellant fails to show how this evidence would have provided him a defense that would have changed the outcome of the trial. Because evidence that merely impeaches a state witness does not warrant post-conviction relief, *id.*, counsel was not ineffective for failing to use this evidence to impeach Mrs. Place.

In his seventh subpoint, appellant contends trial counsel provided ineffective assistance

by failing to call a witness to testify about victim's propensity to act violently.

 To demonstrate that trial counsel was ineffective for failing to call a witness, movant must prove that the witness could have been located through reasonable investigation, the witness would have testified if called, and the witness's testimony would have provided a viable defense. *State v. Campbell,* 830 S.W.2d 475, 478[6] (Mo.App. 1992).

 Appellant claims that on the day of the shooting, Mrs. Place called Dr. Tenerbaum to report victim's abuse of her. Appellant also asserts that his wife told him about Mrs. Place's phone call to Dr. Tenerbaum and its content. Appellant maintains that Dr. Tenerbaum's testimony would have impeached Mrs. Place's credibility because she testified at trial that she did not call Dr. Tenerbaum on the day of the shooting. Further, appellant argues that Dr. Tenerbaum's testimony about his conversation with Mrs. Place would have proved appellant knew victim was acting violently on the day of the shooting, thus supporting his claim that he shot victim in self-defense. Appellant claims that trial counsel's failure to call Dr. Tenerbaum prejudiced him because the jury could have reached a different result if they had heard his testimony.

As we have already noted, post-conviction relief for ineffective assistance of counsel is not warranted where the evidence impeaches a witness and does not provide a defense. *Allbritton,* 747 S.W.2d at 689[4]. Further, the record fails to indicate how he would have testified because he did not testify at the motion hearing, and he did not state in his affidavit what his testimony would have been. In addition, his notes do not show that appellant was aware of victim's allegedly violent behavior on the day of the shooting. For these reasons, we find appellant's point is not well taken.

Judgment affirmed.

PUDLOWSKI and KAROHL, JJ., concur.