STATE of Missouri, Respondent,

v.

Anthony BRANYON, Appellant.

Anthony BRANYON, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 67432, 68810.

Missouri Court of Appeals,
Eastern District.

Nov. 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1997.

Application to Transfer Denied
March 25, 1997.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

GRIMM, Judge.

The State charged defendant with first degree robbery and armed criminal action. A jury found him guilty of the lesser included Class C felony offense of stealing from the person in violation of § 570.030.[1] The trial court found him to be a persistent offender pursuant to § 558.016 and sentenced him to thirteen years.

On appeal, he raises one point. He contends the trial court erred in refusing to instruct on misdemeanor stealing. We disagree. A misdemeanor stealing instruction was not required because there was no basis for convicting defendant of misdemeanor stealing.

Defendant also appealed the denial of his Rule 29.15 motion. That appeal is deemed abandoned because defendant did not brief or argue any issues concerning it. We affirm.

## I. State's Evidence

On February 2, 1994, victim walked through a park. As victim started across a foot bridge, he saw defendant sitting on a bench. Defendant asked if he could buy some drugs from victim. Victim said he did not have any.

Defendant got up from the bench. He had a "long, silver wrench" in his hand. Defendant asked victim for money and victim refused. Defendant hit victim with the wrench on the top of his head. They struggled over the wrench.

Defendant then took victim's wallet. They did not struggle over it. Victim said he "just gave him the wallet." Later, victim said that defendant "hit me on the top of the head with the wrench, and took my wallet." Defendant then ran away.

Victim called the police. They came to the park, and after searching, found victim's wallet. The police determined that a fingerprint on the wallet matched defendant's fingerprint.

Later, the police spoke to defendant. He said that "if I committed a robbery, I wouldn't have robbed an innocent person, I would have robbed somebody like a dope dealer who was a problem in the community."

About a week before trial, the trial court heard pretrial motions. At a recess, defendant followed a police officer into the hallway. At that time, defendant told the officer "that he did the robbery, but that he did not hit the man with a wrench."

## II. Defendant's Evidence

Defendant's evidence consisted solely of his testimony. He testified that in 1987, he pled guilty to two second degree burglary charges and one attempted second degree burglary. In 1989, he pled guilty to second degree robbery. He served time in the penitentiary on each charge.

Defendant said he went to the park. He asked victim if he had any drugs for sale. Victim said no, "he had just sold out." Defendant then asked for money. He asked victim to loan him a dollar. When victim "took his wallet out of his pocket and he was taking a dollar out of his wallet, *I snatched the wallet out of his hand.*" (emphasis added).

Another time, defendant said that when victim was going into his wallet to give defendant a dollar, "*I snatched the wallet out of his hand,* like, I was snatching the money,

---

1. All statutory references are to RSMo 1994.

too, because it was a five and a one, or something like that." (emphasis added).

Defendant said he did not have a wrench and did not hit victim. He said he "*snatched the wallet from [victim's] hand* and started to run, and didn't [sic] stop me. And [victim] asked me, he said, 'Hey, man, could you give me my wallet back, because my bus pass is in there, and I got to catch the bus tomorrow?'" (emphasis added). Defendant said he dropped the wallet so victim could get it back.

Defendant acknowledged talking to the police officer. Defendant said, "I told him that I had told [my attorney] that an incident occurred, but I did not do what I'm being tried for." Defendant was being tried for first degree robbery and armed criminal action.

### III. Misdemeanor Stealing Instruction

■ In his sole point, defendant alleges the trial court erred in refusing to submit his tendered misdemeanor stealing instruction. He contends it is "a lesser included offense of first degree robbery and there was sufficient evidence to authorize an acquittal of first degree robbery while sustaining a conviction of misdemeanor stealing."

Prior to the adoption of The Criminal Code in 1977, effective January 1, 1979, considerable confusion existed concerning a trial court's duty to instruct on a lesser included offense. "Where supported by the evidence, instructions on lesser graded or necessarily included offenses must be given, whether requested or not, because they are part of the law of the case." O. Richardson, *Lesser Graded or Included Offenses, in The Missouri Bar Committee Comments on Missouri Approved Criminal Instructions,* § VII B.1 Duty to Instruct (1974).

Thus, the practice of "automatic submission" of lesser included offenses became the norm. This occurred, although a troublesome question existed "as to the quantum of evidence sufficient to require the giving of a lesser graded or necessarily included offense." *Id.,* § VII B. 4.

■ With the adoption of The Criminal Code, "automatic submission" of lesser included offenses was eliminated.[2] Section 556.046 of The Criminal Code provides:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information.

\* \* \* \* \* \*

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict [1] acquitting the defendant of the offense charged and [2] convicting him of the included offense.

(brackets and numbers added).

Our supreme court discussed this statute in *State v. Olson,* 636 S.W.2d 318, 320–22 (Mo.banc 1982). It said, "[t]he last paragraph of § 556.046 has for its purpose the exclusion of the requirement to instruct down in certain instances. It seems the intent was to not require an instructing down unless there were *facts* in evidence from which the jury could find the appellant NOT guilty of the higher offense AND guilty of the lesser." *Id.* at 321 (emphasis original).

This court, in *State v. Pruett,* 805 S.W.2d 724 (Mo.App. E.D.:1991), discussed a claimed error of failure to give a lesser included misdemeanor stealing instruction. In *Pruett,* this court observed that there "was no affirmative evidence of a lack of any essential element of the felony offense of stealing which would 'authorize acquittal of the higher

---

2. Homicides were not in The Criminal Code when it was adopted. Subsequent amendments have made the Code applicable to homicides.

There is no longer any requirement of "automatic submission" of any lesser homicide offense. *State v. Stepter,* 794 S.W.2d 649, 654 (Mo.banc 1990). However, the Supplemental Notes on Use Applicable to 313.00 Series, contained in MAI–CR 3d, observe that the presence of "deliberation" is the basic element that distinguishes first degree murder from second degree

murder. Because deliberation is subjective and usually may be established only by inference, it is difficult to determine whether to submit second degree murder as a lesser included offense. In "most homicide cases, a defendant is entitled to a second degree murder instruction." *State v. Mease,* 842 S.W.2d 98, 112 (Mo.banc 1992). Only in a few cases would an instruction on second degree murder be inappropriate. *See* MAI–CR 3d 313.00.4(A)(1).

but sustain a conviction of the lesser offense.'" *Id.* at 726. Further, this court noted that the defendant was not entitled to a lesser included offense instruction "merely because the jury might disbelieve some of the state's evidence." *Id.*

In the case before us, defendant tendered a second degree robbery instruction and a felony stealing from the person instruction. He was entitled to both instructions and the trial court properly gave them to the jury. The defendant's evidence that he did not use or threaten use of a wrench or any other dangerous instrument, and did not threaten the use of physical force against victim, gave the jury a basis for finding defendant not guilty of either first or second degree robbery. *See* MAI–CR 3d 323.02 and 323.04.

In addition, as required by § 556.046.2, there was a basis for a verdict convicting defendant of the included offense of felony stealing. Both the state's and defendant's evidence established that defendant took victim's money without his consent, that he did so to withhold it from the victim permanently, and that defendant "physically [took] the property appropriated from the person of the victim." § 570.030.3(2). Thus, the trial court properly gave the felony stealing from the person instruction.

But, there was no basis to acquit defendant of felony stealing because victim and defendant both testified defendant took the money from victim's hand, i.e. "from the person of the victim." Further, § 556.046.2 provides that a trial "court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict ... convicting him of the included offense." Here, there was no basis for a jury to convict defendant of misdemeanor stealing because defendant's own testimony satisfied the fourth element of felony stealing, "that the property was physically taken from the person of [name of victim]." MAI–CR 3d 324.02.1.

Defendant, however, both in his brief and at oral argument, contends the misdemeanor stealing instruction was required. Thus, in his brief, he says that "the jury in this case was free to believe [victim's] statement that there was no struggle over the wallet, and

that [victim] just gave the wallet to [defendant]." Of course, if the jury believed that victim just gave the wallet to defendant, defendant did not steal and he would be entitled to an acquittal, not a lesser included misdemeanor stealing instruction.

Defendant's brief continues, saying when "combined with [defendant's] testimony that he 'snatched' the relinquished wallet out of [victim's] hand, and that he removed seven dollars and then dropped the wallet, there is sufficient evidence to support a misdemeanor stealing theory." This contention fails because once defendant acknowledges that he "snatched the wallet out of [victim's] hand," his crime becomes a class C felony. § 570.030.3(2).

Defendant also contends that "the decision of *whether to instruct* the jury on misdemeanor stealing requires a comparison to the greater offense, first degree robbery." He claims *State v. Williams,* 708 S.W.2d 705, 708 (Mo.App. E.D.1986) supports this argument.

In *Williams,* the defendant was charged with first degree robbery. The trial court submitted instructions on first degree robbery and felony stealing, but refused to submit the defendant's tendered misdemeanor stealing instruction. *Id.* There, the defendant contended the state's evidence did not establish all the necessary elements of felony stealing. *Id.* Specifically, the defendant contended the evidence did not show that the stolen cards were credit cards. *Id.*

This court disagreed. We concluded that the only reasonable interpretation of the victim's testimony "leads to the conclusion that she had credit cards stolen." *Id.* We held that the trial court did not err in refusing the misdemeanor stealing instruction.

In his dissent, Judge Karohl maintains that in determining whether to give the lesser included instruction in this case, one must compare the *charged offense* (as distinguished from the *higher* offense) with the lesser included offense. This argument relies on that part of § 556.046.2 that the trial court need not instruct on an included offense "unless there is a basis for a verdict acquitting the defendant of the *offense*

*charged* and convicting him of the included offense." (emphasis added).

This argument fails for two reasons. First, as demonstrated above, there is no basis for convicting defendant of the lesser included misdemeanor of stealing. Defendant was either at least guilty of felony stealing from the person, or was not guilty of anything.

■ Second, as stated in *Olson*, the purpose of § 556.046 was to reduce the requirement to instruct down. As that court said, instructing down is not required unless the jury could find the defendant not "guilty of the higher offense AND guilty of the lesser." *Olson*, 636 S.W.2d at 321. We construe *Olson* and § 556.046 to require instructing down only when there is a basis for a verdict (1) acquitting the defendant of the offense charged and any lesser included offense submitted to the jury, i.e. the higher offense, and (2) convicting the defendant of another lesser included offense. *See also* MAI–CR 3d 304.11(G) (An instruction on lesser included and lesser degree offenses "will not be given unless there is a basis for acquitting the defendant of the higher offense and convicting him of the lesser offense."). Point denied.

The trial court's judgment is affirmed.

AHRENS, C.J., and GERALD M. SMITH, GARY M. GAERTNER, CRANE, CRAHAN, DOWD, RHODES RUSSELL and HOFF, JJ., concur.

GERALD M. SMITH, J., concurs in separate opinion.

CRANE and CRAHAN, JJ., concur in GERALD M. SMITH's, J., opinion.

CRANDALL, J., concurs in result in separate opinion.

REINHARD and SIMON, JJ., concur in CRANDALL's, J., opinion.

KAROHL, J., dissents in separate opinion.

PUDLOWSKI, J., concurs in KAROHL's, J., opinion.

GERALD M. SMITH, Judge, concurring.

I fully concur in the majority opinion of Judge Grimm. I write this opinion to address the issue raised by the dissenting opinion.

The dissent concludes that the language of § 556.046 RSMo 1994, mandates reversal because misdemeanor stealing is a lesser included offense of robbery first degree and there was a basis for acquitting defendant of the robbery charge and convicting him of the misdemeanor stealing. That conclusion is premised upon the portion of the statute which reads:

A defendant may be convicted of **an** offense included in an offense charged in the indictment or information. (emphasis supplied)

§ 556.046.1 RSMo 1994.

A defendant may not be convicted of an offense not charged in the indictment or information. In contemplation of law a charge of one crime covers all lesser crimes necessarily included within it. *State v. Stone*, 571 S.W.2d 486 (Mo.App.1978) [1–4]. The definition of a lesser included offense was stated in *State v. Amsden*, 299 S.W.2d 498 (Mo.1957) [11,12]:

" 'If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater'."

It is apparent from that definition that allegations of the facts necessary to charge the greater offense by necessity also allege all of the facts necessary to charge the lesser included offense. Such offenses may not be identified in the charging document as the greater offense is, but each such offense is in fact charged. The sufficiency of an indictment or information is determined by whether it contains the essential elements of the offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense. *Parker v. State*, 836 S.W.2d 469 (Mo.App.1992) [3]. As stated in *State v. McNaughton*, 924 S.W.2d 517 (Mo.App.1996) [34–36]:

To sustain conviction of a lesser included offense, the greater crime for which the defendant is specifically charged must include in the charging document a description of the manner in which the greater crime was committed and allegations essential to constitute a charge of a lesser included offense. (Cite omitted)

Section 556.046 does not limit its language to *the* offense charged in the charging document, but applies rather to *an* offense charged. As indicated above lesser included offenses are by definition charged in the indictment or information.

Paragraph 2 of § 556.046 is quoted in the majority opinion and need not be restated here. It essentially provides that no instruction on a lesser included offense need be given unless there is a basis for acquitting the defendant of the higher offense and convicting him of the lesser. Where there are a series of lesser included offenses, as here, application of that section requires that each lesser included offense be considered as a charged offense for purposes of determining whether a still lesser offense shall be instructed on. Second degree robbery is a lesser included offense of first degree robbery; stealing from the person is a lesser included offense of second degree robbery; misdemeanor stealing is a lesser included offense of stealing from the person. Each of these offenses is charged in the indictment and information and the court must determine in serial fashion whether there is a basis for acquitting the defendant of the higher offense and convicting him of the lower. As the majority opinion establishes there was a basis for submitting robbery second degree as a lesser included offense of robbery first degree, and a basis for submitting stealing from the person as a lesser included offense of robbery second degree. There was no basis, however, for submitting misdemeanor stealing as a lesser included offense of stealing from the person.

CRANDALL, Judge, concurring.

I concur in the result reached in the opinion of Grimm, J.

Defendant's testimony provided no basis for (1) acquitting him of the offense charged *and* (2) convicting him of the lesser included offense. He did not testify that he *stole* money from the victim; he testified that he "snatched the wallet" out of the victim's hand. Thus, there was no evidence to support submission of the crime of misdemeanor stealing. It is irrelevant that misdemeanor stealing is a lesser included offense under the evidence in this case. The question is whether there was a basis in the evidence to charge the jury with respect to that offense. Here, there was none.

As to prejudice, I fail to see how defendant can claim prejudice when a jury believed his testimony and convicted him of the crime which he said he committed.

KAROHL, Judge, dissenting.

The basic finding in the principal opinion and Judge Crandall's is there is no basis to support submission of the crime of misdemeanor stealing. That finding is inaccurate. Traditionally, submissibility depends on whether there is evidence to support a finding on the elements of a crime. Defendant testified he took seven dollars from the prosecuting witness. The taking with an acknowledged intent to keep, constitutes sufficient evidence to support misdemeanor stealing. Nothing more was required to support submission of misdemeanor stealing.

In *State v. Hopson,* 891 S.W.2d 851, 852 (Mo.App. E.D.1995), we said, "a defendant is entitled to an instruction on any theory which the evidence tends to establish." This court has previously held, "[A] trial court is obligated to submit a lesser included offense instruction if the evidence arguably shows lack of an essential element of the higher offense which would not only authorize acquittal but sustain a conviction of the lesser,...." *State v. Hamlett,* 756 S.W.2d 197, 199 (Mo.App.1988); *accord, State v. Green,* 778 S.W.2d 326, 327 (Mo.App.1989). "As a general proposition, a trial court should resolve all doubts upon the evidence in favor of instructing on the lower degree of the crime, leaving to the jury to decide which of *two or more grades* of an offense, if any, the defendant is guilty." *State v. Ellis,* 639 S.W.2d 420, 422–423 (Mo.App.1982). (Our empha-

sis). Defendant's evidence was all that was required to support submission of the misdemeanor instruction which he requested.

The fundamental legal flaw in the principal opinion is a failure to honor and follow the plain meaning doctrine in applying § 556.046.1 and .2 RSMo 1994. Not one word, phrase, sentence or paragraph of that statute is ambiguous. We are obligated to follow the Missouri Supreme Court's consistent decisions to apply the doctrine. Article V, § 2 Missouri Constitution. The doctrine is well founded on the fundamental requirement of separation of legislative and judicial powers. The doctrine provides:

> The primary rule is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words in their plain and ordinary meaning. Where the language of a statute is plain and admits of but one meaning, there is no room for construction. *L & R Distributing Company, Inc. v. Missouri Department of Revenue,* 648 S.W.2d 91, 95 (Mo.1983).

More recently the Supreme Court affirmed the doctrine in *Morton v. Brenner,* 842 S.W.2d 538, 541 (Mo. banc 1992). The application and wisdom of the doctrine has never been questioned by this court.

The operative words in § 556.046.1 are "an offense charged" "in the indictment or information." In this case the relevant charged crime was robbery first degree. No included offense appears in the indictment or information.

The operative words in § 556.046.2 are "not be obligated," "unless" and "basis for a verdict" [1] "acquitting ... offense charged"; and, "convicting ... included offense." The statute distinguishes "offense charged" from "included offense." The statute excuses a requirement to submit an included offense "unless" two conditions are met. Giving the word "unless" its plain and ordinary meaning the trial court is obligated to submit a requested lesser included offense instruction if both conditions are met. The present case does not implicate any former requirements for mandatory instruction, past or present. In the present case, defendant requested the included offense instructions, some of which the court gave and one of which the court refused.

The offense charged was robbery first degree. Defendant was arraigned only on the charge of robbery first degree. That is the crime defendant faced before the trial began. There was a basis to find, and the jury did find, defendant not guilty of the offense charged. The basis for that verdict was a finding there was no force or threat of force involved in the event. Defendant's testimony that he stole seven dollars from the prosecuting witness provided all the evidence required to support submission of the requested misdemeanor instruction. Applying the plain meaning of the statute the trial court erred in not submitting the instruction at defendant's request.

The principal and concurring opinions would insert additional language in the statute by relieving the trial court of the statutory obligation if there is no basis to find defendant not guilty of some other included offense, one not charged in the indictment or information, in this case stealing from a person. That approach may be entirely reasonable but it is absolutely not authorized by the legislature in an unambiguous statute. It is completely beyond the authority of the trial court and this court.

The two cases relied on by Judge Grimm, *State v. Olson,* 636 S.W.2d 318 (Mo. banc 1982) and *State v. Pruett,* 805 S.W.2d 724 (Mo.App. E.D.1991) are inapplicable. Both cases differ from this case because both were decided on an issue not present here, the absence of a basis to find defendant not guilty of the charged crime and guilty of a lesser included offense. There is no contest that in this case there is a basis to find the defendant not guilty of the offense charged. The not guilty verdict on the robbery charge was supported by evidence of a stealing without force. There is an evidentiary basis to support a verdict of guilty on misdemeanor stealing.

Not one authority is cited for the proposition a trial court is not obligated by the statute to submit all requested lesser included offense instructions where there is evidence to find a defendant not guilty of the

offense charged and evidence to support each requested instruction. No court has ever considered and no court, including this court, has ever held § 556.046.1 and .2 does not direct submission of the requested instruction. In *State v. Stone*, 571 S.W.2d 486 (Mo.App.1978) we held trespassing is not a lesser included offense of burglary. We did not hold a charged crime necessarily includes any other crimes "in contemplation of law." The only available analysis to support a finding the trial court did not err would be a frank acknowledgment the court is affirming by means of statutory interpretation of an unambiguous statute. That we may not do without ignoring Missouri Supreme Court precedent on a fundamental rule of statutory interpretation.

The trial court erred in failing to submit an included offense supported by the evidence. In the absence of a finding that defendant was not prejudiced we are obligated to reverse and remand.