

# Missouri Court of Appeals
## Southern District
### Division Two

STATE OF MISSOURI,                )
                                  )
    Plaintiff-Respondent,        )
                                  )
v.                                )      No. SD36693
                                  )
LEIGHTON MICHAEL QUAPAW,          )      **Filed:  June 22, 2021**
                                  )
    Defendant-Appellant.         )

APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Joseph W. Schoeberl

## <u>AFFIRMED</u>

Leighton Michael Quapaw ("Defendant") claims the evidence adduced at his jury trial was insufficient to support his stealing conviction. Finding no merit in that claim, we affirm.

> In reviewing a claim for sufficiency of the evidence, the appellate court's analysis is limited to "whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Naylor*, 510 S.W.3d 855, 859 (Mo. banc 2017) (quoting *State v. Letica*, 356 S.W.3d 157, 166 (Mo. banc 2011)). This Court does not weigh the evidence, but accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict in determining whether evidence was sufficient to support a conviction and to withstand a motion for judgment of acquittal. *Id.* at 858-59.

*State v. Diaz*, 611 S.W.3d 373, 374-75 (Mo. App. S.D. 2020).

Viewed in that light, the evidence at issue was as follows. In May 2018, Victim was working in Seneca as a cashier on the overnight shift at Big Daddy's C-Store. Defendant attempted to buy a six-pack of beer and some cigars, but he left the store without them when his credit card was denied. Ten minutes later, Defendant returned with a knife in his hand.

Defendant approached Victim with the knife, and he said, "Give me all your money[.]" Defendant tried to stab Victim in the stomach, but she grabbed his arm and told him, "Kid, this is something you don't want to do." Defendant replied, "Give me 20 bucks and I'll go away." As Defendant was backing Victim toward the cash register, she reached behind her and hit the register's "drawer[-]open" button. Victim grabbed $20 from the drawer and handed it to Defendant. Cash in hand, Defendant ran out of the store and drove away.

The State charged, and then attempted to prove, that Defendant was guilty of first-degree robbery and armed criminal action. The jury acquitted Defendant of those charges, but it found him guilty of the lesser-included offense of stealing. Because the jury found that Defendant had "physically take[n]" the money from Victim, the offense was punishable as a class-D felony.

Defendant's sole point on appeal claims the evidence at trial was insufficient to prove that he "physically" took the money from Victim because she had handed it to him. We disagree.

The controlling statute is section 570.030, which provides:

1. A person commits the offense of stealing if he or she:

(1) Appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion;

2

. . . .

5. The offense of stealing is a class D felony if:

. . . .

(2) The offender *physically takes* the property appropriated *from the person* of the victim[.]

RSMo 2016 (emphasis added).

Defendant argues that the plain language of "physically tak[ing]" in the statute means "forceful" and "rough." As a result, Defendant concludes that Victim "simply hand[ing Defendant] the money from the cash register" would not constitute a "physical" taking by Defendant. Defendant cites no direct authority supporting his proffered interpretation, and we instead follow one that is consistent with results reached by our fellow districts when interpreting similar statutory language in analogous cases.

In ***State v. Branyon***, 939 S.W.2d 921 (Mo. App. E.D. 1996), the Eastern District concluded that "there was no basis to acquit defendant of felony stealing because victim and defendant both testified [that] defendant took the money from victim's hand, i.e. 'from the person of the victim.'" *Id.* at 924.[1] In like manner, the western district of our court concluded that a physical taking occurred when the victim took the billfold from his pocket, removed money, and either handed it to the defendant or laid it down and the defendant picked it up. ***State v. Cascone***, 648 S.W.2d 190, 193 (Mo. App. W.D. 1983).

Defendant's point is denied, and the judgment of the trial court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR
GARY W. LYNCH, J. – CONCURS
MARY W. SHEFFIELD, J. – CONCURS

---

[1] The version of the statute at issue in ***Branyon*** was substantially similar to the version at issue here; it defined felony stealing as appropriating the property or services of another, either without consent or by means of deceit or coercion, by "physically tak[ing] the property appropriated from the person of the victim[.]" Section 570.030.1, .3(2), RSMo Cum. Supp. 1996.