STATE of Missouri, Respondent,

v.

Terry L. MESSA, Appellant.

Terry Lee MESSA, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 50084, WD 51237.

Missouri Court of Appeals,
Western District.

Jan. 23, 1996.

**54**

Emmett D. Queener, Columbia, Office of the State Public Defender, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and HANNA, JJ.

FENNER, Chief Judge.

Terry Messa was convicted after a jury trial of forcible sodomy, § 566.060, RSMo 1994 and sentenced to 20 years imprisonment. He filed a *pro se* Rule 29.15 motion seeking to vacate the conviction and sentence imposed. Appointed counsel filed an amended motion and requested an evidentiary hearing. The request for an evidentiary hearing was denied, and the motion court entered an *order overruling Messa's motion for postconviction relief.*

Messa appeals the judgment of conviction and the denial of his motion for postconviction relief. The judgment of conviction and the order denying the Rule 29.15 motion are affirmed.

Frances Kroll and Terry Messa met in August 1993 at a private nursing home where they worked. An intimate relationship developed between them and, in September 1993, they rented an apartment together.

On October 11, 1993, Ms. Kroll called the YWCA Shelter for Abused Women and told the director that she was being held hostage and needed to get out of the apartment. The next day, Ms. Kroll went to the YWCA and again talked to the director. She explained that Messa had hit her and showed the director some of her bruises. The director then called the police. Ms. Kroll gave the police a written statement, and pictures were taken of her bruises. She remained at the YWCA until late November 1993.

Messa was arrested on October 12, 1993, at their apartment. He waived his *Miranda* rights and made a statement to the police. In his statement, he denied abusing Ms. Kroll.

At trial, Ms. Kroll testified that her relationship with Messa became violent and that Messa would beat her causing bruises. She testified that Messa forced her to have anal intercourse at least five times during the relationship without her consent. She also stated that she did not attempt to leave the relationship prior to October 12 because she was afraid of Messa.

Testifying in his own defense at trial, Messa denied physically or sexually abusing Ms. Kroll. He also denied having anal intercourse with her.

In his first point on appeal, Messa claims that the trial court erred in permitting the state to amend the information on the morning of trial. He argues that the amendment charged him with an additional and different offense which prejudiced him by rendering his defense inapplicable.

■■■■ Rule 23.08 permits an information to be amended at any time prior to verdict or finding "if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Rule 23.08. It is, therefore, impermissible to amend an information if the effect of the amendment is to charge a different offense than that originally charged. *State v. Pikey,* 857 S.W.2d 519 (Mo.App.1993). "This rule does not apply if the subsequent charge is a lesser included offense of the initial charge because, in the contemplation of law, they are the same." *Id.* at 519–520. An attempt is a lesser included offense of the completed offense. § 556.046.1, RSMo 1994; *State v. Rank,* 667 S.W.2d 461, 462 (Mo.App.1984). The test for "prejudice" under Rule 23.08 is (1) whether a defense to the charge as originally made would be equally available after

the amendment, and (2) whether the defendant's evidence would be equally applicable after, as well as before, the amendment. *State v. Endicott,* 881 S.W.2d 661, 664 (Mo. App.1994).

■ In this case, the original felony information charged Messa with the felony of sodomy in that he "had deviate sexual intercourse with Frances Kroll, to whom [he] was not married, by the use of forcible compulsion." The first amended felony information, filed on the morning of trial, charged Messa with the felony of sodomy in that he "*attempted* to have deviate sexual intercourse with Frances S. Kroll, to whom [he] was not married, by the use of forcible compulsion" (emphasis added). An attempt to commit forcible sodomy is a lesser included offense of forcible sodomy, therefore, Messa was not charged with an additional or different offense.

Furthermore, Messa's defense that he did not force Ms. Kroll to have anal intercourse and that her allegations were not credible was equally available to him after, as well as before, the amendment of the information. Likewise, the evidence regarding Ms. Kroll's credibility was equally applicable to defend a charge of attempted forcible sodomy. Messa, therefore, was not prejudiced by the amendment before trial. Point one is denied.

In point two, Messa contends that the motion court erred in denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. He claims that his trial counsel was ineffective in failing to remove a venireperson by motion to strike for cause or by peremptory strike.

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 29.15(j); *State v. Nolan,* 872 S.W.2d 99, 104 (Mo. banc 1994). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Nolan,* 872 S.W.2d at 104.

■ To prevail on an ineffective assistance of counsel claim, a movant must show that (1) his attorney's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice exists only where trial counsel's performance was outcome determinative. *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). The movant must show a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. *Id.* Reasonable trial strategy will not support an ineffective assistance of counsel claim. *Id.*

■ To be entitled to an evidentiary hearing, (1) a movant must allege facts, not conclusions, which, if true, would warrant relief, (2) the facts must raise matters not refuted by the record, and (3) the matters complained of must have resulted in prejudice to the movant. *Gillespie v. State,* 785 S.W.2d 725, 726 (Mo.App.1990).

During voir dire, the panel was asked if it would have difficulty in giving any weight to the victim's testimony knowing that she could have left the relationship at any time but chose not to leave because she was afraid. In response, Venireperson Sollars approached the bench and answered:

My son and daughter both had abusive marriages which was physical as well as mental. And neither one of them left it, you know, when they could have because they were afraid. And they was—I don't know—coerced into believing that it was their fault that they were getting pummeled around.

And I don't think I have any difficulty with it, but I want you to know that. But I can understand why a women wouldn't leave. I can understand. I would.

I could see both sides of it. I mean I know I would leave. But I can understand why they didn't.

Messa's defense at trial was to show that Ms. Kroll's allegations were not credible because she did not leave the relationship. He ar-

gues that there was no reasonable likelihood that he would have convinced Venireperson Sollars of the proposition when her own children had not left abusive relationships.

 "Where a venireman's answer to a question suggests a possibility of bias, and upon further questioning the venireman gives unequivocal assurances of impartiality, the bare possibility of prejudice will not disqualify the venireman or deprive the trial judge of discretion to seat him." *Ogle v. State*, 807 S.W.2d 538, 543 (Mo.App.1991) (citing *State v. Walton*, 796 S.W.2d 374, 377 (Mo. banc 1990)). *See also State v. Jacobs*, 861 S.W.2d 621, 625 (Mo.App.1993). A review of the conversation with Venireperson Sollars shows that she gave unequivocal assurances of impartiality. Although she indicated that she could understand how a person might be afraid to leave an abusive relationship, she explained that she would have no difficulty in leaving if she found herself in that situation. Her answers during voir dire demonstrated that she could hear evidence on this issue without bias towards the defense or the prosecution. The decision by trial counsel not to challenge Venireperson Sollars was, therefore, reasonable and did not constitute ineffective assistance of counsel. Point two is denied.

The judgment of conviction and the order denying the Rule 29.15 motion are affirmed.

All Concur.