**STATE of Missouri, Respondent,**

v.

**Elijah YACUB, Appellant.**

No. 80981.

Supreme Court of Missouri,
En Banc.

Sept. 24, 1998.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.

Defendant, Elijah Yacub, appeals from the judgment entered on his conviction of burglary in the second degree. The trial court refused to submit a first-degree trespassing instruction as a lesser-included offense. The jury found defendant guilty of burglary, second degree, section 569.170, RSMo 1994, and the court sentenced defendant as a prior and persistent offender to serve eight years in the Missouri Department of Corrections. The judgment is reversed, and the cause is remanded.

On September 28, 1995, police officers responded to a call at 3:40 a.m. The call concerned a possible burglary at 4463 Penrose in the City of St. Louis. When the officers arrived, they inspected the front of the house. As they approached the side of the house and walked to the rear, the officers heard noises coming from inside the house and noticed that bars on a second story window had been pried back. When they arrived at the back door, they saw defendant coming out of the house. The officers detained defendant without a struggle and placed him under arrest shortly thereafter. The police inspected the inside of the house and found kitchen cabinets and aluminum storm windows and doors near the rear door of the house from which defendant exited. A police evidence technician dusted the house for fingerprints, but he was unable to recover any identifiable prints.

After being notified of the burglary, the owner of the residence, Althea Smith,[1] went to the house while the police were investigating. She had been there the afternoon before the burglary to secure the house because it had been burglarized the previous night. When she left the house on the afternoon of September 27, the kitchen cabinets were in the living room and the storm windows and doors were in a location other than near the rear door. When Ms. Smith left the house the afternoon before the burglary, the house did not have a kitchen sink, the kitchen cabinets were not installed, the bathroom did not have a face bowl, water pipes had been dismantled and parts of the furnace had been stolen. Additionally, Ms. Smith had to re-secure the bars on a second story window. When she arrived at the house on September 28, in response to the police call, she noticed the kitchen cabinets and storm windows and doors were in a different location than they were the afternoon before the burglary.

■ Defendant raises two points on appeal. In his first point, he argues there was insufficient evidence to support the conviction because the state failed to prove 4463 Penrose was an "inhabitable structure" as charged in the indictment.

Burglary occurs when a person "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." *Section 569.170, RSMo 1994.* The state charged defendant with entering an inhabitable structure. By charging defendant with entering an inhabitable structure, the state assumed the burden of proving the house was an inhabitable structure. There was sufficient evidence to support a finding that 4463 Penrose was an inhabitable structure as defined in section 569.010, RSMo 1994. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993). Ms. Smith used the property as rental property. She testified that she was in the process of cleaning up the house between tenants. A structure is inhabitable regardless of whether a person is actually present. *Section 569.010(2), RSMo 1994.* The repairs that were in progress did not render the residence uninhabitable as a matter of law.

■ In his second point, defendant argues the trial court erred when it refused to submit his instruction on trespass in the first degree. Trespass in the first degree is a lesser-included offense of burglary in the second degree. *State v. Blewett,* 853 S.W.2d 455, 459 (Mo.App.1993). "A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property." *Section 569.140, RSMo 1994.* Burglary requires the additional element of intent to commit a crime within the premises. *Section 569.170, RSMo 1994.* Defendant argues the trial court committed error because the evidence supported an inference that defendant entered 4463 Penrose for a purpose other than to steal; therefore, the evidence provided a basis for an acquittal on the burglary charge and a conviction of trespass in the first degree.

■ A court is not obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. *Section 556.046.2, RSMo 1994.* Doubt as to whether to instruct on the included offense is to be resolved in favor of instructing on the included offense. *State v. Santillan,* 948 S.W.2d 574, 576 (Mo. banc 1997).

The trial court should have submitted an instruction on trespass in the first degree. While a rational fact-finder most certainly could conclude that the evidence in this case supports a conviction for burglary, it is also possible for a rational fact-finder to conclude that defendant lacked the requisite intent to steal. The defendant walked out of the building without any property in his possession. His fingerprints were not found on anything that the owner of the premises claimed had been moved. Defendant had no gloves or tools nor any means to transport anything from the premises, and nothing from the premises had been moved outside. Although the evidence, therefore, sufficiently

---

1. Ms. Smith owned the house and used it as rental property. The last tenants moved out sometime in August, approximately one month before the burglary.

establishes an inference of an intent to steal, that inference is not imperative.[2]

It was error for the trial court not to instruct the jury on trespass in the first degree.

The judgment is reversed, and the cause remanded for further proceedings.

All concur.

---

**2.** *See State v. Childress,* 901 S.W.2d 321 (Mo.App. 1995), where it was error for the trial court not to instruct the jury on trespass in the first degree. To the extent, however, that *State v. Childress* requires a defendant to put on "affirmative evidence" as to lack of an essential element of a higher offense, it is overruled.