STATE of Missouri, Respondent,

v.

Patrick HIBLER, Appellant.

No. 81293.

Supreme Court of Missouri,
En Banc.

Aug. 3, 1999.

As Modified on Denial of Rehearing
Sept. 21, 1999.

Tara L. Jensen, Asst. Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kevin F. Hennessey, Asst. Atty. Gen., Jefferson City, for Respondent.

DUANE BENTON, Judge.

The State charged appellant, Patrick A. Hibler, with two counts of assault in the first degree. On each count, the circuit court instructed on both first and second degree assault, but refused appellant's instructions on assault in the third degree. The jury found appellant guilty, on both counts, of assault in the second degree. Appellant argues that the trial court erred in not instructing on third degree assault. This Court granted transfer. *Mo. Const. art. V, sec. 10.* Reversed and remanded.

■ Trial courts are not obligated to instruct on lesser included offenses unless there is a basis for the jury to: 1) acquit the defendant of the offense charged, and 2) convict the defendant of the included offense. *State v. Yacub,* 976 S.W.2d 452, 453 (Mo. banc 1998)(citing *sec. 556.046.2* [1]). If in doubt, the trial judge should instruct on the lesser included offense. *Id.* (citing *State v. Santillan,* 948 S.W.2d 574, 576 (Mo. banc 1997)).

### 1. Basis to acquit of the offense charged, 1st degree assault

To acquit of first degree assault, the jury needed to reasonably doubt whether

---

1. All statutory citations are to RSMo 1994.

the defendant attempted to kill or cause serious physical injury to the victim. *See sec. 565.050.1.*

■ *Count one.* The victim testified that on May 5, she and appellant argued and "got physical with each other." She did not remember whether she hit appellant, but she ripped his magazine and "got up in his face." Appellant choked the victim for 20 to 30 seconds until she began to "cough up stuff." The couple quit fighting and made up. After the victim took a nap, they ate dinner at her mother's house. The victim did not seek medical care for the choking, nor receive any marks on her throat.

On both counts, the jury impliedly acquitted appellant of assault in the first degree by returning guilty verdicts on assault in the second degree. *See State v. Reyes,* 862 S.W.2d 377, 388 (Mo.App.1993). A reasonable jury could have believed that appellant did not attempt to kill the victim or cause her serious physical injury. Therefore, there was a basis for acquitting appellant of first degree assault as charged in count one.

*Count two.* During a car trip on May 6, appellant hit the victim in the head with a key chain fastened to a closed pocket knife. According to the victim, appellant may have hit her with either the key chain or a closed fist holding the key chain. Later, appellant pushed the victim out of the driver's door, took the wheel, and drove off. After the victim clung to the side of the car for 5 to 10 feet, she fell, cutting her shoulder and elbow. Although there was contrary evidence, the victim testified that appellant pushed her "all the way out" of the car before she ran along side it and fell.

A reasonable jury could have found—as this jury did—that appellant did not attempt to kill the victim or cause her serious physical injury. In particular, the jury could have decided that the cuts on the victim's elbow and shoulder, for which she received no medical treatment, were not

"serious physical injury," which is "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." *Sec. 565.002(6).* Therefore, there was a basis for acquitting appellant of both counts of first degree assault, as the trial judge properly determined.

### 2. The 2nd and 3rd degree assault instructions

The State did not charge appellant in the information with assault in the second degree. Appellant requested an instruction on second degree assault, the State did not object, and the trial court submitted it.

■ "A defendant may be convicted of an offense included in an offense charged in the indictment or information." *State v. Stepter,* 794 S.W.2d 649, 652 (Mo. banc 1990). "[T]he trial court should resolve any doubts in favor of instructing on the lower degree of the crime, leaving it to the jury to decide which of two *or more* grades of an offense, if any, the defendant is guilty." *Santillan,* 948 S.W.2d at 577 (emphasis added). Section 556.046 reads:

1. A defendant may be convicted of an offense included in an *offense charged in the indictment or information* . . . .

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of *the offense charged* and convicting him of the included offense.

■ Here, "the offense charged" is first degree assault. "Absent a statutory definition, the words used in the statute will be given their plain and ordinary meaning as derived from the dictionary." *Columbia Athletic Club v. Director of Revenue,* 961 S.W.2d 806, 809[6] (Mo. banc 1998); *see Morton v. Brenner,* 842 S.W.2d 538, 541[6] (Mo. banc 1992). The dictionary defines "the" as: "used as a function word to indicate that a following noun or

noun equivalent refers to someone or something previously mentioned or clearly understood from the context of the situation." *Webster's Third New International Dictionary Unabridged* 2368 (1976). The plain meaning of "the offense charged" in section 556.046.2 refers back to "an offense charged in the indictment or information." Section 556.046.2 requires trial courts to compare an offense charged in the indictment or information with its included offenses.

■ This has long been the law in Missouri:

> "The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime *with which the accused is specifically charged*, and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense."

*State v. Smith*, 592 S.W.2d 165, 166 (Mo. banc 1979) (emphasis added) (quoting *State v. Amsden*, 299 S.W.2d 498, 504 (Mo. 1957)). "[A] lesser offense may only be established where it is necessarily included in the greater offense *actually* charged." *State v. Ballard*, 394 S.W.2d 336, 340 (Mo. 1965) (emphasis added). *See also State v. Lane*, 376 S.W.2d 128, 133 (Mo.1964); *State v. Rose*, 346 S.W.2d 54, 56[2] (Mo. 1961); *State v. Moon*, 221 Mo.App. 592, 283 S.W. 468, 470 (1926).

The key language of Missouri's section 556.046 tracks section 1.07(4)-(5) of the Model Penal Code. The drafters of the Code adopted the majority rule:

> The majority rule ... is that a lesser crime is an included offense when it consists of legal elements which must always be present for the greater crime to have been committed *in the manner in which the greater crime is charged in the accusatory pleading.*

Jerrold H. Barnett, *The Lesser–Included Offense Doctrine: A Present Day Analysis For Practitioners*, 5 CONN. L.REV. 255, 291 (1972) (emphasis added) (*cited in* AMERICAN LAW INSTITUTE, MODEL PENAL CODE AND COMMENTARIES, sec. 1.07, at 130 & n. 109 (1985)). "The lesser included offense doctrine in criminal law generally allows the trier of fact to convict a defendant of an offense that is less serious than the offense with which he was *charged in the accusatory pleading.*" Christen R. Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine*, 21 AM. CRIM. L.REV. 445 (1984) (emphasis added).

■ Due process requires that a defendant may not be convicted of an offense not charged in the information or indictment. *Smith*, 592 S.W.2d at 165[3]. Every information or indictment puts the defendant on notice, for due process purposes, of all offenses included in the offense charged. *State v. Goddard*, 649 S.W.2d 882, 889[5] (Mo. banc 1983); *State v. Wilkerson*, 616 S.W.2d 829, 833 (Mo. banc 1981); *Smith*, 592 S.W.2d at 165[2]-[3]. In this case, appellant unquestionably had notice of the included offenses, as demonstrated by the instructions he requested.

Because second degree assault is specifically denominated by statute as a lesser degree of the offense charged, it is an included offense. *Sec. 556.046.1(2), 565.060.* Second degree assault was not "the offense charged" because, by the terms of the statute, second degree assault is not both an included offense and the offense charged.

If an offense is an "included offense" of "the offense charged," then the issue is whether there is a basis to: 1) acquit of the offense charged, and 2) convict of the included offense. *Sec. 556.046.2.* To determine whether there is a basis to acquit of the offense charged and convict of the included offense, the trial court looks at the evidence. If there is "any doubt upon the evidence," it should instruct on the included offense. *Santillan*, 948 S.W.2d at 577.

■ In implementing the statute as a practical matter, the serial approach to instructing a jury is logical and should continue to be followed. *See Notes on Use 3b to MAI–CR 3d 304.02.*[2] If there is a basis for acquittal of the offense charged, it is indeed logical to instruct on any lesser included offenses in descending order to determine whether there is a basis for conviction. Once the court determines that a basis for conviction on a lesser included offense exists and that there is no basis to convict of a (lower) lesser included offense, it is fair to stop the inquiry.

Here there was a basis to acquit on first degree. The state offered second degree. The trial court examined the evidence to determine whether there was a basis to convict on second degree. There was. Appellant requested an instruction on third degree assault, but the trial court refused to instruct on it.

■ Because third degree assault is specifically denominated by statute as a lesser degree of the offense charged, it is also an included offense. *Sec. 556.046.1(2); State v. Garrison,* 975 S.W.2d 460, 461[2] (Mo.App.1998). The issue is then whether there was a basis to convict of the included offense of third degree assault.

■ *Count one.* Quoting section 565.070.1(1), appellant's proffered instruction defined third degree assault as "attempt[ing] to cause … physical injury to another person." Here, the evidence that appellant choked the victim for 20 to 30 seconds was sufficient proof of an attempt to cause physical injury to the victim.

■ *Count two.* A jury could have found that, under the proffered instruction, appellant "recklessly caused physical injury" to the victim when he drove away.

*Sec. 565.070.1(1).* A police officer who witnessed the fight testified, contrary to the victim's account, that appellant started to drive off while the victim was partially in and partially out of the vehicle. According to the officer, she hopped along on one foot before falling and injuring herself. Therefore, there was a basis for convicting defendant of third degree assault on both counts.

Because there was a basis to acquit of first and second degree assault, and to convict of third degree assault, the trial court erred in not instructing on assault in the third degree.

### 3. Other issues

Appellant argues that there was insufficient evidence of second degree assault, as a matter of law, because he did not use a "dangerous instrument" as required by section 565.060.1(2). Whether the defendant used a dangerous instrument depends on the circumstances in which the instrument is used. *See sec. 556.061(9).* Because this issue will hinge on the facts at retrial, this Court declines to decide, on the present record, whether appellant used a dangerous instrument as a matter of law.

Appellant further contends that the instruction he submitted on second degree assault was erroneous and merited reversal for plain error. This alleged error is unlikely to occur on retrial and is not addressed.

Reversed and remanded for proceedings consistent with this opinion.

PRICE, C.J., COVINGTON, WHITE, HOLSTEIN and WOLFF, JJ., concur; LIMBAUGH, J., concurs in result in separate opinion filed.

---

**2.** The concurring opinion correctly observes that this question is "merely academic" in this case. If a judge, on a charge of first degree assault, instructs on third degree assault, section 556.046 requires instructing on assault second if the prosecutor so requests and there is a basis for the instruction. *State v. Redmond,* 937 S.W.2d 205, 208[2] (Mo.

banc 1996). The prosecutor also may amend the information to charge "higher" included offenses "at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." *Rule 23.08; State v. Messa,* 914 S.W.2d 53, 54[1] (Mo.App.1996).

STEPHEN N. LIMBAUGH, Jr., Judge, concurring.

I am in full agreement with the majority's holding that the case must be reversed for failure to instruct the jury on third degree assault. I question, however, the mechanics of the majority's lesser included offense analysis by which the propriety of the third degree assault submission depends solely on a comparison of the evidence supporting first degree assault, the so-called "charged offense," with that supporting third degree assault. Instead, the comparison should be made between the evidence supporting second degree assault, which was the "charged offense" of which the defendant was actually convicted, and the evidence supporting third degree assault. Although the distinction between these two analyses is merely academic in this case, its practical effect will lead to anomalous results in other cases, as I will attempt to explain.

## I.

Lesser-included offense analysis is controlled by section 556.046, RSMo 1994, which states:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

As I understand the majority opinion, no comparison need be made between the evidence supporting submission of the second degree assault charge and that supporting submission of third degree assault because second degree assault was not "the offense charged" under section 556.046.2. Under this rationale, third degree assault must be submitted even though there is no basis for a verdict acquitting the defendant of second degree assault, and further, as stated, the only comparison to be made is between first degree assault and third degree assault. By extending this rationale to all other cases, once it is determined that "there is a basis for a verdict acquitting the defendant of the offense charged ...," then the court, if requested, must instruct down on every lesser included offense.

The underpinning of the majority's rationale is that the "offense charged" is simply the offense named in the information, which is first degree assault. As the majority explains, "second degree assault was not the offense charged because, by the terms of the statute, second degree assault is not both an included offense and the offense charged." This holding, however, does not rest on the express terms of the statute because the statute does not state that "second degree assault is not both an included offense and the offense charged." Instead, the majority is apparently relying on the implication that the separate references to "offense charged" and "offense included in an offense charged" means that the two must be different.

In doing so, the majority disregards the countervailing implication that by naming an offense in the information, the prosecutor automatically charges, as the majority concedes, the lesser included offenses. The "offense charged," in other words, consists not only of the named offense but the lesser included offenses as well. That is the import of section 556.046.1, which allows a defendant to be "convicted of an offense included in an offense charged."

Accordingly, the offense charged of first degree assault is necessarily the offense charged of second degree assault and the offense charged of third degree assault. Thus, under a fair reading of the statute, second degree assault is indeed both an included offense and the offense charged.

In context, the statute obligates the trial court to determine first whether there is a basis for acquitting the defendant of the offense charged of first degree assault and convicting him of second degree assault and, if so, then to determine whether there is a basis for acquitting the defendant of the offense charged of second degree assault and convicting him of third degree assault. This stair-step approach is not only consistent with the language of the statute, but also precludes the anomalous results that could not have been intended by the legislature. For example, the trial court, under the majority's rationale, theoretically could submit first degree assault and third degree assault, but not second degree assault. If, in other words, the third degree assault submission is not dependent on a determination that there is a basis for acquitting the defendant of second degree assault, then the anomalous and absurd result obtains that no second degree assault submission need be given. The absurdity, of course, lies in the fact that the jury in some cases may well be denied the ability to convict on the one offense that best fits the evidence. In effect, the parties are allowed to gamble on an "all-or-nothing" submission of the highest degree of the offense charged in the information versus the defendant's submission of a lesser included offense two or three steps down, with no submission for the intermediate lesser included offense(s). Neither justice nor the statute is served by the windfall to the party that wins the gamble, or by the shortfall to the party that loses, when the evidence shows that the defendant committed a different crime than either of those submitted to the jury.

## II.

This same lesser included offense issue has been addressed at length in *State v. Branyon*, 939 S.W.2d 921 (Mo.App.1996), an en banc decision of the Court of Appeals, Eastern District, and resolved by a nine-two vote [1] that was contrary to the majority opinion in this case. Inexplicably, the majority fails to discuss *Branyon*, but it can fairly be said that *Branyon* is now overruled. Nevertheless, the case serves as an excellent example of a factual situation, unlike the case at hand, where a comparison between the higher offense on which the defendant was convicted (but not the so-called "charged offense") and the lesser included offense that was not submitted makes a critical difference in the outcome of the case. In *Branyon*, the defendant, who had been convicted of the class C felony offense of stealing from the person, claimed that the trial court erred in refusing to instruct the jury on the lesser included offense of misdemeanor stealing. Defendant had been charged in the information with first degree robbery, and the trial court had instructed the jury not only on that charge but also on second degree robbery and ultimately on felony stealing from the person, the charge on which the jury based its verdict.

In its lesser included offense analysis, the Court of Appeals majority compared only the evidence supporting felony stealing from the person with that supporting misdemeanor stealing. Applying section 556.046.2, the court determined that 1) there was no basis to acquit the defendant of felony stealing "because victim and defendant both testified defendant took the money from the victim's hand, *i.e.*, 'from the person of the victim,'" *id.* at 924, and 2) that there was no basis for a jury to convict defendant of misdemeanor stealing

---

1. Three other judges, completing the full complement of 14 judges on the en banc court, concurred on other grounds.

"because defendant's own testimony satisfied the fourth element of felony stealing, 'that the property was physically taken from the person of [the victim].'" *Id.* As part of its analysis, the court expressly rejected defendant's claim that the comparison to be made under the statute is between the "charged offense" in the information, which was first degree robbery, and the lesser included offense of misdemeanor stealing. Citing this Court's observation in *State v. Olson,* 636 S.W.2d 318, 321 (Mo. banc 1982), that the purpose of section 556.046 is to reduce the requirement to instruct down "unless the jury could find the defendant not 'guilty of the higher offense *and* guilty of the lesser,'" the Court of Appeals held that "instructing down is required only when there is a basis for a verdict (1) acquitting the defendant of the offense charged and any lesser included offense submitted to the jury, *i.e.,* the higher offense, and (2) convicting the defendant of another lesser included offense. *Branyon,* 939 S.W.2d at 925. The trial court's refusal to instruct down to misdemeanor stealing was thus approved.

However, had *Branyon* been decided under the lesser included offense analysis used by the majority in this case, which is the same analysis used by the *Branyon* dissent, the outcome would have been different. There would have been no comparison between felony stealing from the person and misdemeanor stealing, but only a comparison between first degree robbery (the so-called "charged offense") and misdemeanor stealing. According to the record, there was indeed a basis for acquitting defendant of first degree robbery (the evidence that defendant had a weapon was weak) and convicting the defendant of the lesser included offense of misdemeanor stealing. As such, the case would have been reversed for failure to instruct on misdemeanor stealing, despite the fact that there was no basis to acquit the defendant of felony stealing from the person.

III.

In tacit recognition of the fact that section 556.046 requires a stair-step analysis for lesser included offenses, this Court has for years mandated a jury instruction that implemented a stair-step analysis. That instruction is set out in paragraph 3(b) of the Notes on Use for MAI–CR3d 304.02, the generic verdict directing instruction applicable to all offenses, and states, as preceded by the pertinent note on use:

> For each lesser graded or lesser included verdict directing instruction, the introductory paragraphs will read:

> If you do not find the defendant guilty of [*name of offense from immediately higher verdict director*] as submitted in Instruction No. ___, you must consider whether he is guilty of [*name of offense from the lesser verdict director*] under this instruction. . . .

Without expressly so stating, the majority now has rejected the Court's long-accepted lesser included offense analysis and has effectively rewritten paragraph 3(b) so that the first bracketed provision should state "[*name of highest offense charged in the information*]."

Oddly, the majority maintains that the stair-step or "serial" procedure "is properly outlined in Note on Use 3(b) to MAI–CR3d 304.02," as if it still has some viability. This cannot be so, at least from a theoretical standpoint, because the lesser included offense analysis under the statute, as described by the majority, is different than the analysis under the instruction. As noted, the former requires a comparison between the "offense charged" in the information with the lesser included offense submitted, while the latter requires a comparison between the "offense from the immediately higher verdict director" and the lesser included offense submitted.

From a practical standpoint, given the likelihood that prosecutors will insist on submission of any intermediate lesser included offense(s), the cases will usually be instructed in a stair-step or "serial" procedure. Nonetheless, prosecutors will not

always insist on the submission of the intermediate lesser included offense and instead will opt for the "all-or-nothing" gamble described below the submission of the highest degree of the offense charged versus the defendant's submission of a lesser included offense two or three steps down. The majority does not appear to address this problem. In these certain situations, the trial judge is left in a lurch whether to apply the statutory analysis or the instructional analysis, as the different analyses will lead to disparate results. Furthermore, if, indeed, trial courts are to follow the instructional analysis, then why does the majority not follow the same directions on appellate review? Stated another way, why review this case under the statutory analysis, but require the trial courts to follow the instructional analysis? This question is left unanswered because, unfortunately, there is no good answer.

## IV.

In sum, I would abide by the position of the *Branyon* majority, which is the same as that reflected in paragraph 3(b) of this Court's Notes on Use for MAI–CR3d 304.02. It is a position consistent both with the language of the statute and with the legislative purpose, and it avoids the anomalous results that the legislature could not have intended. However, I concur in the result of this case because under either of the lesser included offense analyses, the jury should have been instructed on third degree assault.