

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| DAVID A. MCNEAL, | ) | No. ED102152 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 0922-CC09606 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael K. Mullen |
| | ) | |
| Respondent. | ) | Filed: February 16, 2016 |

David A. McNeal ("Movant") appeals the judgment denying his Rule 29.15[1] motion for post-conviction relief. In 2008, Movant was convicted of second-degree burglary and stealing for the theft of a drill from an apartment he entered. He has an extensive criminal history, such that he was prosecuted as a prior and persistent offender, subjecting him to an extended term of imprisonment if convicted of a felony. At Movant's trial, trial counsel effectively conceded Movant's guilt of trespass, but failed to request the lesser-included instruction for trespass to submit this misdemeanor alternative to the jury. In his Rule 29.15 motion for post-conviction relief that is the subject of this appeal, Movant asserts his trial counsel was ineffective for failing to request a lesser-included instruction on trespass, which might have shielded him from a felony conviction and an extended term of imprisonment. The motion court denied Movant's motion after an evidentiary hearing. Because we find counsel's failure to request a trespass instruction unreasonable given these particular circumstances, and because we find Movant was prejudiced

---

[1] All references to Rules are to Missouri Supreme Court Rules (2015).

by counsel's failure to request the instruction, we reverse the judgment denying the motion for post-conviction relief and remand for a new trial.

## I.  BACKGROUND

As mentioned, Movant's convictions stem from his theft of a drill from an apartment. Movant acknowledged stealing the drill, but denied entering the apartment with intent to steal, as charged in the indictment.  Rather, he maintains that he did not decide to steal the drill until he was already in the apartment and saw the drill.  He thus contends his conduct was consistent with the offense of trespass.  We return to the scene of the crime.[2]

In May of 2008, two men were installing a floor in an apartment at the Riverbend Apartments in St. Louis.  At the same time, Movant was visiting his son's mother, Arlene Sanders, who lived in the apartment next door.  While there, Sanders asked Movant to go buy her a drink.  Movant, short on cash, was determined to collect $10 owed to him by a woman named Tracy who lived in the adjoining apartment, where the men were installing the floor.

Movant knew Tracy through Sanders.  He considered Tracy an acquaintance, not a close friend.  He did not know her last name.  According to Movant, Tracy received phone calls on Sanders's phone, as she did not have a phone of her own.  Movant explained that in the past, when Tracy received a phone call on Sanders's phone, he would go to Tracy's apartment and knock on the door to tell Tracy she had a phone call.  Movant also noted that he had been in Tracy's apartment a number of times, but he never testified that he just walked into the apartment after knocking or that he had been given general permission to enter Tracy's apartment at will.  Rather, Movant explained that the relationship with Tracy was such that he would knock on the door, open it, and call her name.  He admitted he did not have keys to

---

[2] We credit and borrow greatly from the Missouri Supreme Court's statement of facts, without further citation. *McNeal v. State*, 412 S.W.3d 886 (Mo. banc 2013).

2

Tracy's apartment and that his name was not on the lease for the apartment. The apartment property manager testified that Movant did not have permission to be in the apartment.

As Movant exited Sanders's apartment and approached Tracy's apartment, he saw two men leave the apartment. Movant believed that the men had visited Tracy, so he approached the men and followed them to the elevator, to ask if Tracy was busy. It is not clear what was said, but after the two workers left on the elevator, Movant, under the impression that Tracy still lived in the apartment, headed back down the hallway to Tracy's apartment.

Once back at Tracy's apartment, Movant knocked on the door. No one answered, but Movant heard the sound of a radio in the apartment. Movant opened the door, called Tracy's name, and observed that the apartment was empty. Movant testified that he then entered the apartment, "in shock" that it was empty:

> I went in there looking for Tracy. I opened the door up, 'Hey Tracy,' but now I'm in shock. It's empty. I step in there and I look over and see the radio playing, you know, because it's a shock to me. I didn't have any idea that the lady had moved and so I'm standing there.

Movant repeatedly denied entering Tracy's apartment with an intent to steal anything. Rather, he explained that he went in looking for Tracy and that he just wanted to collect the money she owed him. He admitted to stealing the drill, but testified that he only made the decision to steal the drill after he was already in the apartment and spotted the drill:

> I saw the radio playing and I'm on my way back out now, got to figure out how I'm going to buy [Sanders] something to drink with these $2, and I looked at the radio because it drawed [sic] my attention, there was a drill laying there. I picked the drill up and 'Grrr, rrrr, rrrr,' that's when the thought came to my mind, 'Hm, I might could [sic] sell this here.' Now, that was wrong on me, but that's what happened.

Movant placed the drill in a plastic bag, left the apartment, and sold the drill to a man down the street for $8. He was apprehended and charged with second-degree burglary and misdemeanor stealing.[3]

At trial, Movant's counsel argued that Movant did not enter the apartment with the intent to steal. Counsel also questioned a police officer if Movant's conduct, although charged as a burglary, could constitute a trespass. The officer confirmed that it could. Although defense counsel raised the issue of trespass, he failed to request a trespass instruction. During deliberations, the jury submitted the following question to the trial court regarding the intent necessary – specifically the timing of forming that intent – to convict for burglary:

> Regarding Inst. No 5 and the second point – can the intent to commit the crime occur after he opens the door for burglary? Must it occur prior to opening/touching the door?

The court responded for the jury to be guided by the instructions.[4] The jury ultimately convicted Movant of stealing and burglary. The trial court sentenced Movant, a prior and persistent offender, to consecutive terms of ten years' imprisonment in the Missouri Department of

---

[3] Specifically, for Count I, the State charged that Movant, in violation of section 569.170 RSMo 2000, committed the class C felony of second-degree burglary, in that "on or about May 8, 2008 in the City of St. Louis, State of Missouri, [Movant] knowingly entered unlawfully in an inhabitable structure, located at 4720 South Broadway and possessed by Riverbend Apartments, for the purpose of committing stealing therein." For Count II, the State charged that Movant, in violation of section 570.030 RSMo Supp. 2006, committed misdemeanor stealing, in that "on or about May 8, 2008, in the City of St. Louis, State of Missouri, [Movant] appropriated an electric drill which property was in the possession of Matthew Harrison, and [Movant] appropriated such property without the consent of Matthew Harrison and with the purpose to deprive him thereof."

[4] Instruction No. 5, the verdict-directing instruction for second-degree burglary, read in full:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
First, that on or about May 8, 2008, in the State of Missouri, the defendant knowingly entered unlawfully in an inhabitable structure located at 4720 S. Broadway and possessed by Riverbend Apartments, and
Second, that defendant did so for the purpose of committing the crime of stealing therein,
then you will find the defendant guilty under Count I of burglary in the second-degree.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion.

The instructions submitted to the jury also included a paragraph explaining that a person "enters unlawfully" in or upon premises when the person is not licensed or privileged to do so.

4

Corrections for the burglary and six months in jail for the stealing. We affirmed the convictions on direct appeal. *State v. McNeal*, 292 S.W.3d 609 (Mo. App. E.D. 2009).

Subsequently, Movant sought post-conviction relief alleging that trial counsel was ineffective for failing to request a trespassing instruction as a lesser-included offense of burglary. The motion court denied Movant's claim without an evidentiary hearing, concluding that counsel may have had a reasonable trial strategy for not submitting a trespass instruction. The Missouri Supreme Court reversed and remanded for an evidentiary hearing. *McNeal v. State*, 412 S.W.3d 886 (Mo. banc 2013).

At that hearing, counsel acknowledged that he thought he could have requested a trespass instruction. But he did not. In all, counsel offered three reasons in explanation. Counsel first explained that he was not inclined to request a trespass instruction because such an instruction did not fit with his defense theory. Counsel believed it inconsistent to request a trespass instruction when they were arguing that Movant's entry was legitimate, or at least not intentionally illegitimate. He secondly explained that he did not know if the trial court would have submitted such an instruction. And lastly, counsel expressed concern that Movant would be upset by a trespass instruction. Counsel described Movant as a "pretty good jailhouse lawyer," and noted that Movant had very definite ideas about what he wanted presented at trial. Counsel noted that Movant did not bring a trespass instruction to his attention, although he was not waiting for Movant to mention it, and did not think he would have asked for it anyway, based on the other reasons he had stated. Nevertheless, counsel thought Movant might have objected to the instruction, and explained that he had to consider how he was interacting with Movant and he did not want to appear to be at loggerheads with Movant in front of the jury. Counsel, however, did not remember having a discussion with Movant about whether to submit the instruction, and

5

ultimately conceded that it was mere speculation that Movant may have objected to the instruction.

In the end, counsel explained that, as a matter of trial strategy, he decided to seek acquittal on burglary and to not submit a trespass instruction. When asked at what point he decided not to request the instruction, he responded: "I'm not sure it was that much of a conscious decision as much as it just didn't seem appropriate."

The motion court denied Movant's motion, concluding that counsel's decision was objectively reasonable. Movant now appeals.

## II. DISCUSSION

### A. Standard of Review

Our review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings of facts and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with a "definite and firm impression that a mistake has been made." *McNeal v. State*, 412 S.W.3d 886, 889 (Mo. banc 2013) (quotations omitted).

### B. Whether the Motion Court Erred In Denying Movant's Post-Conviction Claim

In Movant's sole point on appeal, he asserts the motion court erred in denying his post-conviction claim that trial counsel was ineffective for failing to request a lesser-included instruction on trespass. For the reasons discussed below, we agree.

#### 1. General Law

Movant is entitled to post-conviction relief if he shows by a preponderance of the evidence that, (1) his counsel failed to exercise the customary skill and diligence of a reasonably

6

competent attorney under similar circumstances; and (2) Movant was prejudiced by his counsel's deficient performance. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Movant must meet both prongs of this *Strickland* test in order to prevail on his ineffective-assistance-of-counsel claim. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). To show deficient performance, Movant must demonstrate that his counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Anderson*, 196 S.W.3d at 33. To satisfy the prejudice prong of the *Strickland* test, Movant must demonstrate that, but for counsel's deficient performance, a reasonable probability exists that the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Anderson*, 196 S.W.3d at 33. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Anderson*, 196 S.W.3d at 33-34.

In the context here, to establish a claim of ineffective assistance of counsel for failure to request a lesser-included offense instruction, Movant must show that the evidence would have required submission of a lesser-included offense instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that he was thereby prejudiced. *Jackson v. State*, 205 S.W.3d 282, 285 (Mo. App. E.D. 2006).

**2. The Evidence Presented at Trial Required a Lesser-Included Instruction on Trespass**

A defendant is entitled to a jury instruction when the evidence, viewed in the light most favorable to the defendant, establishes a theory or supports differing conclusions. *State v. Johnson*, 284 S.W.3d 561, 575 (Mo. banc 2009); *State v. Avery*, 120 S.W.3d 196, 200 (Mo. banc 2003). If the evidence supports differing conclusions, the court must instruct on each. *McNeal*, 412 S.W.3d at 890; *State v. Pond*, 131 S.W.3d 792, 794 (Mo. banc 2004).

7

"A jury instruction for a lesser-included offense is required when the evidence provides a basis for both the acquittal of the greater offense and the conviction of the lesser offense." *Johnson*, 284 S.W.3d at 575 (quotations omitted). "Doubt as to whether to instruct on the lesser-included offense is resolved in favor of giving the lesser-included offense instruction." *McNeal*, 412 S.W.3d at 890.

In this case, Movant stood charged with second-degree burglary. First-degree trespass is a lesser-included offense of second-degree burglary. *Id*.; *State v. Yacub*, 976 S.W.2d 452, 453 (Mo. banc 1998). A person commits the crime of first-degree trespass if he "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property." Section 569.140.1 RSMo 2000.[5] Second-degree burglary requires the additional element that a person entered or remained in the building or structure "for the purpose of committing a crime therein." Section 569.170.1; *Yacub*, 976 S.W.2d at 453 (noting that second-degree burglary, as compared to first-degree trespass, requires the additional element of intent to commit a crime within the premises).

Viewing the evidence from Movant's perspective, our Supreme Court concluded that a basis existed in the evidence for an instruction on first-degree trespass. *McNeal*, 412 S.W.3d at 890-91. The State charged that Movant unlawfully entered the apartment for the purpose of committing the crime of stealing. Movant admitted entering Tracy's apartment. The apartment property manager testified that Movant did not have permission to be in that apartment. Movant conceded that he did not have a key to the apartment and that his name was not on the lease. And although he testified that he had been in Tracy's apartment a number of times before, and that he had previously knocked and opened the door to tell Tracy that she had a phone call, Movant never testified that he had just walked into the apartment or that he had been given

---

[5] All further statutory references are to RSMo 2000.

permission to enter the apartment at will. Nor could such a conclusion be reasonably inferred from the evidence presented. Movant's knowing entry into an apartment where he had no lawful right to be is trespass. Section 569.140.1. The trial court would have been required to give an instruction for the lesser-included offense of first-degree trespass, if counsel had requested such an instruction.

### 3. Counsel's Performance and Trial Strategy

We acknowledge that counsel is afforded wide latitude in conducting a defense and may use his best judgment in matters of trial strategy. *Patterson v. State*, 467 S.W.3d 395, 406 (Mo. App. E.D. 2015); *accord Wolfe v. State*, 446 S.W.3d 738, 749 (Mo. App. S.D. 2014). We also acknowledge that "[s]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." *Anderson*, 196 S.W.3d at 33 (quoting *Strickland*, 466 U.S. at 690). Courts should rarely second-guess counsel's strategic choices when counsel has investigated the possible strategies. *Middleton v. State*, 103 S.W.3d 726, 736 (Mo. banc 2003). "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson*, 196 S.W.3d at 33. Here, if counsel made an objectively reasonable choice not to submit the trespass instruction, that decision would not constitute ineffective assistance of counsel. *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984); *Thompson v. State*, 437 S.W.3d 253, 260 (Mo App. W.D. 2014); *Brock v. State*, 242 S.W.3d 430, 433 (Mo. App. W.D. 2007). But, this is not to say that relief is unavailable. To deny post-conviction relief on the basis of trial strategy, that strategy must be reasonable. *State v. Hamilton*, 871 S.W.2d 31, 34 (Mo. App. W.D. 1993); *see also Smith v. State*, 370 S.W.3d 883, 886 (Mo. banc 2012) and *Zink*, 278 S.W.3d at 176 (noting counsel's strategic trial decisions only may serve as a basis for ineffective assistance of counsel

9

if they are unreasonable). The motion court here found counsel's decision objectively reasonable. We disagree. Because defense counsel effectively conceded Movant's guilt as to trespass and a trespass instruction might shield Movant from an extended term of imprisonment, we hold that counsel did not exercise reasonable trial strategy in foregoing a trespass instruction.[6]

Counsel acknowledged that he could have asked for a trespass instruction. At trial, he even raised the possibility that Movant had committed a trespass offense. But he then failed to request an instruction on trespass, as a matter of strategy, based on his belief that a trespass would have been inconsistent with the defense theory. Contrary to counsel's supposition, a trespass instruction would have been entirely consistent with the evidence and with counsel's argument. *See McNeal*, 412 S.W.3d at 891.

Next, this was not an "all-or-nothing" situation. It is well-established that counsel will not be found ineffective for employing an "all-or-nothing" defense and not offering the jury a middle ground for conviction. *See Jackson*, 205 S.W.3d at 285-86; *McKee v. State*, 336 S.W.3d 151, 154 (Mo. App. E.D. 2011); *Neal v. State*, 99 S.W.3d 571, 575-76 (Mo. App. S.D. 2003). Often counsel will proceed with a defense that a defendant is entirely innocent, and thus will not request a lesser-included offense and risk the chance that the jury may convict of the lesser offense rather than acquitting defendant entirely. *See Neal*, 99 S.W.3d at 576. But that was not the situation here, as even counsel recognized at the evidentiary hearing. Counsel at trial did not argue that Movant had committed no crime whatsoever. As our Supreme Court concluded,

---

[6] Movant's motion counsel urges us to decide whether a movant or counsel holds the ultimate authority to decide whether to request a lesser-included instruction. We decline the invitation. Instead we decide whether counsel's decision was reasonable under the circumstances. Movant's motion counsel also urges us to decide if counsel's decision here could even be considered strategy in the first place, given that counsel testified that his decision was not "much of a conscious decision." For purposes of our analysis, we have presumed that counsel's decision was a matter of strategy.

Movant's counsel effectively conceded during the trial that Movant had trespassed. *McNeal*, 412 S.W.3d at 891. Given defense counsel's concession of trespass, we cannot conclude that foregoing the trespass instruction was due to the reasonable employment of an all-or-nothing defense.

We lastly note that counsel's failure to request a trespass instruction placed Movant at an obvious risk of an extended term of imprisonment. Movant was a prior and persistent offender, confined at the time of trial. He had much to fear from a felony burglary conviction, but precious little to fear from a misdemeanor trespass conviction. After trial, Movant was sentenced to ten years' imprisonment for his misdeeds.

In sum, we hold that, under the circumstances of this case, counsel lacked an objectively reasonable strategic reason for failing to request a trespass instruction.

### 4.    Prejudice

We also hold that Movant was prejudiced by counsel's failure to request the instruction. The evidence demonstrated a trespass. Without a trespass instruction, however, the jury was left with only two choices on this count: conviction of burglary or acquittal. As our Supreme Court noted, where, like here, "'one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.'" *Id*. at 892 (quoting *Breakiron v. Horn*, 642 F.3d 126, 138 (3rd Cir. 2011) (quoting *Beck v. Alabama*, 447 U.S. 625, 634 (1980))). Even though juries are obligated as a theoretical matter to acquit a defendant if they do not find every element of the offense beyond a reasonable doubt, a substantial risk exists that the jury's practice will diverge from theory when it is not presented with the option of convicting of a lesser offense instead of acquittal. *McNeal*, 412 S.W.3d at 892 (citing *Keeble v. U.S.*, 412 U.S. 205, 213 (1973)). "[T]he failure to provide the

11

jury with the option of a lesser-included offense deprives the defendant of a fair trial, even if the jury ultimately convicts the defendant of the greater offense." *McNeal*, 412 S.W.3d at 892. The jury's decision here to convict Movant on the greater offense of burglary does not foreclose all possibility that the jury would have convicted him of the lesser offense of trespass. *Id*. Indeed, the jury's question, inquiring about the timing of the intent necessary to sustain a burglary verdict, directly addressed the distinction between burglary and trespass. Had a trespass instruction been submitted, we conclude a reasonable probability existed that the outcome of the trial would have been different and the jury would have acquitted Movant of burglary. Point granted.

## III.   CONCLUSION

Based on the foregoing, the motion court clearly erred in denying Movant relief. Accordingly, we reverse the motion court's judgment and remand for a new trial.

_____
ROBERT M. CLAYTON III, Presiding Judge

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.